United States Court of Appeals,

Fifth Circuit.

No. 95-50364.

Billy NEWBY, Petitioner-Appellant,

v.

Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Respondent-Appellee.

April 29, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:

The appellant, Billy Newby, appeals from the order of the district court dismissing as frivolous his petition for writ of habeas corpus. The only worthy issue in this appeal is whether a certificate of probable cause ("CPC") is required under 28 U.S.C. § 2253 when the petitioner seeks relief from an order of the state pardon and parole board and not directly from a state court judgment of conviction. Construing Newby's notice of appeal as a request for CPC, see Fed.R.App.P. 22(b), we deny the request. We therefore dismiss this appeal for lack of jurisdiction.

I

The appellant, Billy Newby, was convicted in Texas state court of burglary and sentenced to a 15-year term. Newby was released on parole. His parole was subsequently revoked. His certificate of parole provided that in the event of revocation, all time served on parole would be forfeited.

1

After exhausting his state remedies, Newby, *pro se,* filed this federal habeas action under 28 U.S.C. § 2254. He contends that the Texas Department of Criminal Justice and the Board of Pardons and Parole illegally forfeited, as time served, his "street time served on parole" and that his due process rights were violated for failure to warn him of the potential forfeiture. The state moved for summary judgment. A magistrate judge recommended that the district court dismiss Newby's petition as frivolous. Newby filed objections, which the district court struck for failure to provide duplicate copies and acknowledgement of service. After a *de novo* review of the magistrate judge's report, the district court granted the state's motion for summary judgment and dismissed Newby's petition as frivolous. The district court did not grant CPC.

Newby appeals, contending that the district court erred because: (1) the "street time" he served should be credited; (2) the court abused its discretion in striking the objections of a *pro se* litigant; and (3) the court denied him an evidentiary hearing.

II

The issuance of CPC is required to take an appeal from a final order in a habeas corpus proceeding "where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." 28 U.S.C. § 2253 (emphasis added). Newby's complaint regarding credit for "street time served on parole," although directly arising from an order of the pardon and parole board, nevertheless also is one arising out

2

of process issued by a state court. *See Story v. Collins,* 920 F.2d 1247, 1251 (5th Cir.1991) (stating that a petitioner's good conduct time claim "attacks the conditions of his restraint under his judgment of conviction" and appropriately is brought under 28 U.S.C. § 2254); *Sheppard v. State of Louisiana Bd. of Parole,* 873 F.2d 761, 761 (5th Cir.1989) (granting CPC in petitioner's challenge to parole supervision fees that petitioner failed to pay, leading to the revocation of his parole); *Mason v. Askew,* 484 F.2d 642, 643 (5th Cir.1973) (granting CPC in parole revocation challenge); *Welch v. Texas Bd. of Parole & Pardon,* 460 F.2d 298, 298 (5th Cir.1972) (dismissing challenge to state detainer for lack of CPC).[1]

We therefore have no jurisdiction to address the merits of Newby's appeal from the district court's denial of habeas relief unless we grant CPC. *Drew v. Scott,* 28 F.3d 460 (5th Cir.1994); *Black v. Collins,* 962 F.2d 394, 398 (5th Cir.), *cert. denied,* 504 U.S. 992, 112 S.Ct. 2983, 119 L.Ed.2d 601 (1992). Consequently, we construe Newby's notice of appeal as a request for issuance of CPC. *See* Fed.R.App.P. 22(b).

To obtain CPC, Newby must make a substantial showing that he has been denied a federal right. *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394-95, 77 L.Ed.2d 1090 (1983). To make

---

[1]To the extent that our unpublished per curiam decisions in *Rome v. Kyle,* No. 93-5551, 42 F.3d 640 (5th Cir. Nov. 30, 1994) and *Delvin Johnson v. Scott,* No. 94-40942, 56 F.3d 1385 (5th Cir. May 19, 1995) may suggest that a CPC is not required when attacking the decision of the parole and pardons board, they depart from *Story* and consequently are not controlling. *See United States v. Miro,* 29 F.3d 194, 199 n. 4 (5th Cir.1994).

such a showing, Newby must "demonstrate that the issues [he raises] are subject to debate among jurists of reason;  that a court could resolve the issues in a different manner;  or that the questions are worthy of encouragement to proceed further." *Byrne v. Butler,* 845 F.2d 501, 505 (5th Cir.1988) (citing *Barefoot,* 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4).

In his petition for writ of habeas corpus, Newby alleges two related federal constitutional deprivations.  First, he alleges that his loss of credit for "street time served on parole" prior to the revocation of his parole resulted in a federal constitutional violation of due process of law.  Second, Newby asserts that the failure to warn him that parole revocation may trigger forfeiture of his credit for "street time" constituted a violation of his due process rights.

We find these claims to be without merit.  First, Newby concedes that the denial of credit for street time did not constitute an error under Texas law.  Additionally, Newby fails to cite any authority to support his argument that he has suffered some sort of federal due process violation.  In a similar case, in fact, this Court has concluded that there is not a statutory right to credit on a federal sentence for time spent in custody pursuant to a related state charge.  *See United States v. Walker,* 710 F.2d 1062, 1070-71 (5th Cir.1983), *cert. denied,* 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 229 (1984).  Second, without deciding whether such a failure may impinge a constitutional right, the record demonstrates that Newby did indeed receive the notice to which he

4

claims an entitlement.

Given the lack of both legal authority and factual support for his assertions of federal constitutional deprivations, Newby has failed to make a "substantial showing of the denial of a federal right." *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). Accordingly, his application for CPC must be, and is hereby, DENIED. Lacking jurisdiction over this appeal, it is hereby

DISMISSED.