**Henry Lee LUCAS, Petitioner–Appellant,**

v.

**Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.**

No. 96–10389.

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 1996.

Danny D. Burns, Fort Worth, TX, Richard Alley, Fort Worth, TX, for petitioner-appellant.

Gena A. Blount, Assistant Attorney General, Office of the Attorney General for the State of Texas, Austin, TX, for respondent-appellee.

Before KING, JOLLY and DeMOSS, Circuit Judges.

BY THE COURT:

Before us today is the appellee's motion to stay briefing in this matter pending issuance of a certificate of appealability ("COA"). We grant the motion and stay the briefing schedule until an issue-specific COA is issued by this court.

The federal district court denied Henry Lee Lucas ("Lucas") habeas corpus relief from a state court judgment and sentence. The court entered its judgment denying habeas relief, lifting the previously issued stay of execution and refusing to issue a certificate of probable cause to appeal in February 1996. Lucas timely filed a notice of appeal.

Lucas has filed an application for certificate of probable cause to authorize an appeal ("CPC") in this court. This application has not yet been ruled upon by the court. Lucas has now filed his brief raising fourteen points of error, which provides us the basis to determine whether a COA should issue and, if so, on what issues.

 The appellee moves this court to stay briefing until the court rules on Lucas' CPC. This motion is premised upon the amendments to the federal habeas corpus statutes, which became effective with the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on April 24, 1996, and which have been deemed to apply to habeas matters pending on that date. *See. Drinkard v. Johnson,* 97 F.3d 751 (5th Cir.1996). The amended version of the statute applies to this appeal. Among the amended provisions is 28 U.S.C. § 2253(c), which now reads:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeal from—
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Although Lucas' motion is styled as a CPC, we have held that an application for CPC should be treated, under the new provisions, as an application for a COA. *Drinkard,* 97 F.3d at 757–58.

Under section 2253(c)(3), as amended, an appeal may not proceed until a COA issues. The COA must specify which points of appeal satisfy the new federal habeas relief standard set forth in section 2253(c)(2). We have not yet ruled on Lucas' application. Thus, the

State should not be required to respond until such certification issues. The effect of requiring the State to respond at this point would be to nullify this newly amended section by transforming an application for a COA into an appeal on the merits. This result is inconsistent with the rule that statutes should be interpreted so as to give meaning to all terms. *See Bailey v. United States,* —— U.S. ——, —— – ——, 116 S.Ct. 501, 506–07, 133 L.Ed.2d 472 (1995). Therefore, we conclude that we must issue a COA specifying the issues meriting review before requiring the State to respond to the petitioner's brief on the merits.

It is therefore ordered that the appellee's motion to stay the briefing schedule in this appeal until a COA is issued is GRANTED until further order from this court.