**REVISED**

United States Court of Appeals,
Fifth Circuit.

No. 96-40404.

Paul ELSE, Petitioner-Appellant,

v.

Gary L. JOHNSON, Director, Texas Department of Criminal Justice,
Institutional Division, Respondent-Appellee.

Jan. 27, 1997.

Appeal from the United States District Court for the Eastern
District of Texas.

Before POLITZ, Chief Judge, and REAVLEY and DENNIS, Circuit Judges.

PER CURIAM:

The district court granted a certificate of probable cause for the appeal of the denial of habeas relief pursuant to 28 U.S.C. § 2254. Thereafter a new law became effective: the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996). We hold that, although the new statute applies retroactively to this appeal, the district court's certificate meets the threshold requirement of appealability. On the merits we find none, and affirm.

Prior to April 24, 1996, when the AEDPA became effective, the Federal Rules of Appellate Procedure in Rule 22(b) and 28 U.S.C. § 2253 required the issuance of a certificate of probable cause by a district or circuit judge prior to processing the appeal by an applicant for habeas against state detention. 28 U.S.C. § 2253 (1996); FED.R.APP.P. 22(b). The 1996 statute provides, on the one

1

hand, a new § 2253 that requires a "certificate of appealability" issued by "a circuit justice or judge" for an appeal from either state (§ 2254) or federal (§ 2255) detention; but, on the other hand, Rule 22(b) is rewritten and enacted in the AEDPA to require a "certificate of appealability" by "a district or circuit judge" for appeal directed at state detention. AEDPA, § 102 (codified at 28 U.S.C. § 2253(c)(1) (Supp.1996)); AEDPA, § 103 (codified at FED.R.APP.P. 22(b) (Supp.1996)).

We have previously held that the standard for issuance of a certificate of appealability pursuant to the AEDPA is the same as was required formerly for a certificate of probable cause and that the AEDPA applies to pending requests for certificates of probable cause. *Drinkard v. Johnson,* 97 F.3d 751, 756 (5th Cir.1996). We have also held the AEDPA to apply to § 2255 proceedings pending when the AEDPA took effect. *United States v. Orozco,* 1996 WL 742530, at *4, --- F.3d ----, ---- (5th Cir. December 31, 1996). We therefore hold that the AEDPA applies to pending appeals for which a certificate of probable cause was issued prior to the Act's effective date.

The question remains whether we should look only to the new § 2253 and require either a circuit justice or a circuit judge to issue a certificate of appealability for a § 2254 petition, or follow the new Rule 22(b) and continue to permit the district judge to make the certification. If two provisions of the same statute are inconsistent, one construction must be chosen. The express grant of this authority to district courts is more compelling and

2

least likely to be the result of oversight.[1]  Because the same standard applies to requests for certificates of appealability as applied to requests for certificates of probable cause, and because the district courts have the authority to grant certificates of appealability for § 2254 petitions, we hold that the present appeal may proceed on the certificate issued by the district court.  Under amended § 2253(c)(3), the district court judge should state the issue on which the appellant has made a substantial showing of the denial of a constitutional right, but we need not fault this judge who acted prior to the new statute.

Else's complaint is that the Texas Parole Board violated his due process rights by considering a dismissed criminal charge against him during his parole revocation hearing.  The district court correctly ruled that no constitutional claim was raised.  *See Villarreal v. U.S. Parole Comm'n,* 985 F.2d 835, 839 (5th Cir.1993).

AFFIRMED.

---

[1]The Eleventh Circuit sitting en banc recently held that under the AEDPA amendment of § 2253, district court judges have the authority to issue all certificates of appealability for either § 2254 or § 2255 petitions. *Hunter v. United States,* 101 F.3d 1565, 1583-84 (11th Cir.1996).  Our holding is that the amended Rule 22(b) authorizes district courts to issue certificates;  we do not understand the Eleventh Circuit's rationale for holding that § 2253 authorizes district judges to act.