**REVISED**

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 96-50402**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JESUS ALFREDO OROZCO, JR.**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Western District of Texas**

_____

December 31, 1996

Before BARKSDALE, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

We must determine, *sua sponte*, whether those provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) which govern appeal of a district court's final order in a 28 U.S.C. § 2255 proceeding apply to cases pending when AEDPA was enacted, but for which the final order and appeal occurred post-enactment; and if they do, whether, under AEDPA, we construe a notice of appeal as the AEDPA-mandated request for a certificate of appealability, when the request has not been filed. We answer both questions in the affirmative; but, concluding that the appellant has not satisfied the AEDPA standard for issuance of the certificate ("substantial showing of the denial of a constitutional right"), we **DISMISS**.

## I.

Jesus Alfredo Orozco, Jr. pled guilty in 1995 to, *inter alia*, using and carrying a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924(c)(1). He did not appeal.

In mid-April 1996, relying on **Bailey v. United States,** ___ U.S. ___, 116 S. Ct. 501 (1995)(interpreted meaning of "use" in context of § 924(c)(1)), Orozco moved, *pro se*, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

Approximately a week later, on April 24, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), took effect. Among other things, AEDPA amended 28 U.S.C. § 2253 and Fed. R. App. P. 22, concerning appeals from final orders in habeas corpus proceedings challenging state detention and § 2255 proceedings. One amendment to § 2253 is that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from" such final orders. Pub. L. No. 104-132, § 102, 110 Stat. 1214, 1218, *codified at* 28 U.S.C. § 2253(c)(1).

In late May, the district court denied Orozco's § 2255 motion. Thereafter, although Orozco, *pro se*, filed a timely notice of appeal, he did not request a certificate of appealability.

## II.

AEDPA does not state whether the amendments to § 2253 and Rule 22 extend to § 2255 proceedings pending when AEDPA took effect. Therefore, our starting point is to determine whether it applies to a § 2255 proceeding pending at the time of its enactment, but for

which both the final order and notice of appeal are post-enactment. *Landgraf v. USI Film Products*, 511 U.S. 244, ___, 114 S. Ct. 1483, 1505 (1994); *Hunter v. United States*, ___ F.3d ___, 1996 WL 706706, at *4 (11th Cir. Dec. 10, 1996) (en banc); *Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996). If it does apply, the next issue is whether, absent a certificate of appealability, the notice of appeal constitutes one. And, if it does, we then must decide whether a certificate may issue for this appeal. Because these jurisdictional issues were not raised by either party, we address them *sua sponte*. *E.g.*, *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1176-77 (5th Cir. 1984).

### A.

AEDPA took effect before Orozco filed his notice of appeal. On this fact alone, it can be argued with quite considerable force that AEDPA's changes for appeals of § 2255 proceedings would be applied prospectively, not retrospectively, to Orozco. On the other hand, it can be urged that their application would be retrospective, because they would have an effect on events or acts that occurred pre-AEDPA, such as the underlying offense, the plea agreement, not taking a direct appeal, filing the § 2255 motion, and not seeking to amend that motion in the four- week interval between AEDPA's effective date and the denial of the motion.

For this effect on pre-AEDPA events argument, it must be remembered that "[a] statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment". *Landgraf*, 511 U.S. at ___,

- 3 -

114 S. Ct. at 1499. As noted, Congress did not state whether the provisions in issue pertained to the appeal of a § 2255 proceeding pending pre-AEDPA; therefore, we

> must determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

***Landgraf,*** 511 U.S. at ___, 114 S. Ct. at 1505.

AEDPA took effect before the denial of Orozco's § 2255 motion. The change brought about by AEDPA for appealing the final order in a § 2255 proceeding has, arguably, narrowed the bases for appeal; in fact, the change will limit such appeals. This is because, as discussed below, the now requisite certificate of appealability did not have a counterpart for pre-AEDPA § 2255 movants.

Prior to § 2253 being amended by AEDPA, a habeas applicant in federal district court challenging state detention could not appeal a final order to a court of appeals "unless the justice or judge who rendered the order or a circuit justice or judge issue[d] a certificate of probable cause." 28 U.S.C. § 2253 (1995); FED. R. APP. P. 22(b) (1995); *e.g.,* **Newby v. Johnson**, 81 F.3d 567, 569 (5th Cir. 1996). On the other hand, a pre-AEDPA § 2255 movant was not required to obtain such a certificate in order to appeal the final order in a § 2255 proceeding to a court of appeals. *See* 28 U.S.C. §§ 2253, 2255 (1995).

- 4 -

Now, in order to appeal a final order in either a federal habeas proceeding challenging state detention or a § 2255 proceeding, the same standard applies to both; the applicant must obtain a certificate of appealability by making "a substantial showing of the denial of a constitutional right".  28 U.S.C. § 2253(c).  For the former (state detention), our court held recently in **Drinkard**, 97 F.3d at 756, that the standard for issuance of a certificate of appealability pursuant to AEDPA-enacted 28 U.S.C. § 2253(c)(1)(A) is the same as was required formerly for a certificate of probable  cause (denial of a federal constitutional right).

Consistent with this line of reasoning, it might be claimed that the basis for appealing a final order in a § 2255 proceeding has not really changed either because, the argument would continue, the basis for a certificate of appealability for a § 2255 proceeding is similar, if not equal, to the limited bases for § 2255 relief, which were well-established before, and were not changed by, AEDPA.  The grounds for § 2255 relief are quite narrow indeed, as our court has repeatedly emphasized.  *E.g.,* **United States v. Samuels**, 59 F.3d 526, 528 (5th Cir. 1995) (collateral attack primarily limited to issues of constitutional or jurisdictional magnitude and, even then, movant must show both cause for not raising issue on direct appeal and prejudice because of such failure; other errors may not be raised unless movant shows both error could not have been raised on direct appeal, and error, if condoned, would result in complete miscarriage of justice);

- 5 -

*United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied,* 506 U.S. 1007 (1992); *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc), *cert. denied*, 502 U.S. 1076 (1992).

Despite these quite narrow bases for § 2255 relief, we are not able to conclude, at this infant stage of the effect of AEDPA on § 2255 appeals, that the new certificate requirement does not narrow even more the movant's chances for relief. For example, the boundaries for § 2255 purposes of what can constitute the requisite AEDPA basis for obtaining the certificate ("substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)(2)) are, of course, as yet undetermined. As another example, it is well-established that the cause and prejudice procedural bar cannot be raised on appeal against the movant unless the United States raised it in district court, *Drobny*, 955 F. 2d at 995; perhaps, some may seek a different forfeiture rule for the Government in the light of, or as applied to, the certificate. Therefore, as stated, we will assume that AEDPA has effected an adverse change for a § 2255 movant. *See **Hunter***, ___ F.3d at ___, 1996 WL 706706, at *5.

In short, a pre-AEDPA § 2255 movant had the right to appeal; he still does, but only if he obtains a certificate of appealability. And, as noted, that "certificate ... may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right". 28 U.S.C. § 2253(c)(2). Considering this change in the light of the above quoted three-factors standard

from *Landgraf*, the first two are obviously not applicable; the change will neither "increase a [§ 2255 movant's] liability for past conduct" nor "impose new duties with respect to transactions already completed". *Landgraf*, 511 U.S. at ___; 114 S. Ct. at 1505. *See* **Hunter**, ___ F.3d at ___, 1996 WL 706706, at *6; **Drinkard**, 97 F.3d at 766. Accordingly, we look to the third *Landgraf* factor: whether the change will "impair *rights* a party possessed when he acted". *Landgraf*, ___ U.S. at ___, 114 S. Ct. at 1505 (emphasis added); **Hunter**, ___ F.3d at ___, 1996 WL 706706, at *6.

In **Hunter**, the Eleventh Circuit, en banc, quite recently addressed this very question in a most thorough and well-considered opinion. Prior to doing so, it called for briefs on this and other AEDPA issues from the parties and a number of amici. **Hunter**, ___ F.3d at ___, 1996 WL 706706, at *2. The Eleventh Circuit held, *inter alia*, that the AEDPA amendments to § 2253 and Rule 22(b) "apply to pending ... § 2255 cases ... where no notice of appeal was filed before [AEDPA's] effective date." *Id.* at *8.

We agree with our sister Circuit that "the term 'rights' as used in this context [('impair rights a party possessed when he acted')] should not be construed broadly so as to sweep within its ambit mere expectation interests under procedural or remedy rules." *Id.* at *6. *See* **Landgraf,** 511 U.S. at ___, 114 S. Ct. at 1501-02. **Hunter** concludes correctly that, consistent with **Landgraf**, newly amended § 2253 is such a rule; accordingly, it does not "impair rights a party possessed when he acted". **Hunter**, ___ F.3d at ___,

- 7 -

1996 WL 706706, at *6-8. Therefore, AEDPA applies to Orozco's appeal, requiring a certificate of appealability.

B.

As noted, Orozco did not request such a certificate. Rule 22(b) of the Federal Rules of Appellate Procedure, as amended by AEDPA, states plainly: "If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals." Pub. L. No. 104-132, § 103, 110 Stat. 1214, 1218.

But, preceding this plain statement (notice constitutes absent certificate request) are several sentences concerning habeas proceedings challenging state detentions; these preceding sentences might cause some to question whether the amended Rule applies to § 2255 proceedings. Nevertheless, our reading convinces us that it does.

In any event, the headings for Rule 22, as well as subpart (b), have also been amended. Rule 22's former heading of "Habeas Corpus Proceedings" now reads "Habeas corpus and section 2255 proceedings"; subpart (b), formerly headed "Necessity of Certificate of Probable Cause for Appeal", now reads "CERTIFICATE OF APPEALABILITY". If need be, these headings can be consulted in ascertaining the amended Rule's meaning (because amended Rule 22(b) is not ambiguous, we do not think they need be considered). *See, e.g.,* ***United States v. Wallington***, 889 F.2d 573, 577 (5th Cir. 1989); ***House v. Commissioner***, 453 F.2d 982, 987-88 (5th Cir. 1972). And, they are in line with our reading of amended Rule 22; a notice

of appeal constitutes a request for the certificate if the request is not filed. *See* **Hunter**, ___ F.3d at ___, 1996 WL 706706, at *2 (notice of appeal construed as certificate request); **Santana v. United States,** 98 F.3d 752 (3d Cir. 1996)(same).

C.

Accordingly, we turn to whether Orozco's notice of appeal has made the requisite "substantial showing of the denial of a constitutional right". But, the notice is bare bones, stating only that Orozco appeals from the denial of his § 2255 motion. As we have done previously in such circumstances, however, when construing a notice of appeal as a request for the former certificate of probable cause, we look also to Orozco's other papers filed with us -- his brief and reply brief -- to evaluate the issues he presents. *E.g., **Jones v. Whitley***, 938 F.2d 536, 538-39 (5th Cir.)(reviewing all materials filed with district court in evaluating issuance of certificate of probable cause when, although applicant filed request for certificate in district court, did not do so here), *cert. denied,* 501 U.S. 1267 (1991). *See also* **Lucas v. Johnson**, ___ F.3d ___, 1996 WL 696777 (5th Cir. Dec. 5, 1996)(on deciding State's motion to stay briefing pending issuance of certificate of appealability, relying on appellant's brief for enumeration of issues on appeal, even though application for certificate of probable cause had been filed).

Pursuant to Orozco's briefs, the sole basis before us for a certificate is whether **Bailey v. United States,** ___ U.S. ___, 116 S. Ct. 501 (1995), demonstrates "substantially" that his conviction

- 9 -

was "the denial of a constitutional right".  28 U.S.C. § 2253(c)(2).  As noted, *Bailey* concerns the meaning of "use" for purposes of 18 U.S.C. § 924(c)(1) ("using or carrying a firearm during commission of a violent crime").

Orozco, however, pled guilty to both "carrying" and "using" a firearm in violation of § 924(c)(1).  Accordingly, the "use" question aside, the conviction stands under the "carry" prong. *See, e.g., United States v. Rivas*, 85 F.3d 193 (5th Cir.), *cert. denied*, ___ U.S. ___, 1996 WL 664793 (1996); *see also, e.g., Hohn v. United States*, 99 F.3d 892 (8th Cir. 1996).  Therefore, Orozco has not made the requisite "substantial showing of the denial of a constitutional right".

### III.

For the foregoing reasons, a certificate of appealability is **DENIED**.  Accordingly, the appeal from the denial of § 2255 relief is

*DISMISSED*.