Robert Mercado v. USA                    CV-97-123-B    07/17/97

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


**Robert J. Mercado**

    **v.**                                                    Civil No.   97-123-B

**United States of America**


**MEMORANDUM AND ORDER**


Robert J. Mercado pled guilty to conspiracy to distribute a controlled substance, use of a firearm during a drug trafficking crime, and conspiracy to commit money laundering on November 20, 1992.  He was sentenced in this court on July 7, 1993.[1]  In March 1997, Mercado filed a motion to vacate the firearms count under 28 U.S.C.A. § 2255 (West Supp. 1997), arguing that the Supreme Court's decision in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995) affects the legal sufficiency of that count.  I denied Mercado's motion on April 17, 1997.  Mercado now seeks a certificate of appealability[2] authorizing him to appeal my order

---

[1] Mercado's sentence was reduced on May 8, 1996 upon motion of the government for providing substantial assistance to the United States.

[2] Recent changes in the law require prisoners seeking relief under 28 U.S.C.A § 2255 to obtain a certificate of appealability. <u>See</u> Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132 (1996).  A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the certificate must indicate which specific issue or issues satisfy the standard.  28 U.S.C.A. § 2253 (c)(2) and (c)(3) (West Supp. 1997).

denying his section 2255 claim.  Assuming without deciding that I have the authority to issue a certificate of appealability in the appropriate case,[3] I nevertheless decline to issue the certificate because Mercado has failed to make a substantial showing that his constitutional rights have been denied.[4]

## DISCUSSION[5]

On August 5, 1992, Mercado and some associates visited Mark Heino in New Hampshire to collect a drug debt.  As Mercado approached Heino's car, Heino drew a gun and shot Mercado.  Mercado then retreated approximately 100 feet to his van, retrieved a loaded firearm he had stored in the van, and fired back at Heino.  Citing <u>Bailey</u>, Mercado argues that his plea to the section 924(c) count should be vacated because: (1) he did

---

[3] <u>See</u> <u>Hunter v. United States</u>, 101 F.3d 1565 (11th Cir. 1996)(en banc),<u>cert. denied</u>, 117 S. Ct. 1695 (1997); <u>Houchin v. Zavaras</u>, 107 F.3d 1465, 1468 (10th Cir. 1997); <u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1066-73 (6th Cir.), <u>cert. denied</u>, 117 S. Ct. 1724 (1997).

[4] I assume without deciding that Mercado can meet the certificate of appealability standard by demonstrating that <u>Bailey</u> provides a basis to vacate his conviction.  At least one court has held that because <u>Bailey</u> involves statutory interpretation, a denial of a constitutional right cannot be at issue.  <u>See</u> <u>Hohn v. United States</u>, 99 F.3d 892, 893 (8th Cir. 1996), <u>petition for cert. filed</u>,(U.S. May 12, 1997) (No. 96-8986).

[5] Unless otherwise noted, the facts are either undisputed or are taken from Mercado's petition.

not use a firearm during or in relation to a drug trafficking crime; and (2) he did not use the firearm within the meaning of section 924(c) because he was acting in self-defense. As I describe below, I reject both of Mercado's arguments. Further, even if Mercado did not use the firearm in relation to a drug crime, his conviction is valid because the undisputed evidence establishes that he carried the firearm in relation to a drug crime. Accordingly, I decline to issue the certificate of appealability.

## A. "During or in relation to" requirement of section 924(c)(1)

Mercado first claims that the indictment fails because no one, including Mercado, was in possession of any marijuana on August 5, 1992. Mercado admits he was trying to collect a drug debt from Heino on that date. Nevertheless, he argues that "although the money owed may well have been for drugs," his use of the firearm was not during or in relation to a drug trafficking crime because the [drug] crime itself had already been committed." I reject this argument. In this case, the underlying drug crime was conspiracy to distribute and possess with the intent to distribute marijuana and by Mercado's own admission, his effort to collect the drug debt from Heino was an overt act in furtherance of that conspiracy. Therefore,

Mercado's conduct was during and in relation to the underlying crime as required by section 924(c)(1).

**B.  "Use" of a gun under section 924(c)(1)**

Mercado next argues that the government cannot demonstrate that Mercado "used" a gun during the crime.  The relevant statute provides in pertinent part that, "[w]hoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . **uses or carries a firearm**, shall . . . be sentenced to imprisonment . . . ."  18 U.S.C.A. § 924 (c)(1) (West Supp. 1997) (emphasis added).

In <u>Bailey</u>, the Supreme Court clarified the meaning of "use" under section 924(c)(1) and held that the use of a firearm requires evidence sufficient to show an active employment of a firearm by the defendant.  <u>Bailey</u>, 116 S. Ct. at 505;  <u>see also</u> <u>United States v. Joseph</u>, 109 F.3d 34, 36 (1st Cir. 1997)(vacating a section 924(c)(1) conviction post-<u>Bailey)</u>.  By way of example, the court indicated that the "active-employment understanding of 'use' certainly includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm."  <u>Id.</u> at 508.  Mercado concedes in his petition that

-4-

he returned to his vehicle to retrieve a gun and that he used the gun to protect himself.  In addition, Mercado attaches in his petition a portion of the PSI's findings of fact, which indicates that Mercado, upon reaching the van, grabbed a firearm and began returning fire.  Mercado argues that he is not guilty of a Section 924(c) violation because he used the weapon only in self-defense when he retreated to the van after being shot by Heino.  However, as a matter of law, "self-defense is irrelevant to a section 924(c) violation."  See United States v. Sloley, 19 F.3d 149, 153 (4th Cir.), cert. denied, 512 U.S. 1242 (1994); United States v. Poindexter, 942 F.2d 354, 360 (6th Cir. 1991); United States v. Johnson, 977 F.2d 1360, 1378 (10th Cir. 1992).  Therefore, Mercado plainly "used" a firearm in the sense in which that term is used in section 924(c).

C.  **The "carry" requirement of section 924(c)(1)**

Even if Mercado could somehow prevail on his "use" argument, it is clear that he carried the gun under section 924(c)(1).  The statute is written in the disjunctive, which means either using or carrying can separately comprise the basis of the charge.  Bailey affected only the construction of 924(c)(1) regarding the use of a firearm.  Id. at 509 ("The 'carry' prong of 924(c)(1), for example, brings some offenders who would not satisfy the

-5-

'use' prong within the reach of the statute."); see also United States v. Orozco, 103 F.3d 389, 393 (5th Cir. 1996)(rejecting section 2255 petition because "the 'use' question aside, the conviction stands under the 'carry' prong."). A gun may be "carried in a vehicle for the purposes of 924(c)(1) without necessarily being immediately accessible to the defendant while it is being transported." United States v. Cleveland, 106 F.3d 1056, 1066 (1st Cir. 1997), petition for cert. filed, (U.S. April 30, 1997) (No. 96-8837); see also United States v. Objio-Sarraff, 108 F.3d 421, 421 (1st Cir. 1997)(broad use of "carry" in section 924(c)(1)). Mercado admits that he brought the firearm with him when he visited Heino to collect the debt, and his assertion that he was not carrying the weapon when he originally approached Heino's car is irrelevant because the weapon was clearly readily available to him in the van.

## CONCLUSION

The undisputed facts compel the conclusion that Mercado carried and used a firearm during and in relation to a drug trafficking crime. Therefore, I deny Mercado's application for a certificate of appealability.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge


July 17, 1997


cc:   Robert J. Mercado, pro se
      Peter E. Papps, Esq.