**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-40873

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID SORRELLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(G-96-CV-1083)

_____

August 14, 1997

Before JOLLY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Sorrells seeks a certificate of appealability ("COA") in order to appeal the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In accordance with the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 1217-18 (1996),

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sorrells filed a motion for a COA on December 20, 1996. We stayed briefing pending the disposition of this motion, and we now order the briefing schedule to be implemented.

The AEDPA amended 28 U.S.C. § 2253 to require the issuance of a COA as a prerequisite to appealing the denial of a § 2255 motion. In *United States v. Orozco*, 103 F.3d 389 (5th Cir. 1996), we held that the COA requirement applies to § 2255 petitions in which the notice of appeal was filed on or after the effective date of the AEDPA, April 24, 1996. *Id*. at 390-92. Sorrells filed a notice of appeal on July 22, 1996, and filed a motion for COA on December 20, 1996. We stayed briefing pending the disposition of this motion.[1]

The intervening decision in *Lindh v. Murphy*, 117 S. Ct. 2059 (1997), however, eliminates the need to issue a COA in the instant case. In *Lindh*, the Court concluded that the amendments to chapter 153 of title 28 apply only to cases filed after the effective date of the AEDPA. *Id*. at 4561. Insofar as the COA requirement, 28 U.S.C. § 2253(c), falls within chapter 153 of title 28, *Lindh* has overruled *Orozco*. Hence, the COA requirement applies only to § 2255 petitions filed after the effective date of the AEDPA. *United States v. Carter*, 117 F.3d 262, 264 (5th Cir. 1997).

Sorrells filed the instant § 2255 petition on April 1, 1996. Therefore, a COA is not needed to vest jurisdiction in this court. Accordingly, we order that a briefing notice shall issue forthwith,

---

[1] *See Lucas v. Johnson*, 101 F.3d 1045, 1046 (5th Cir. 1996).

instructing the United States to respond to Sorrells's brief, and the appeal shall be submitted for consideration and action in accordance with the usual procedures.

IT IS SO ORDERED.