**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-41086

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROBERT W. SCHMALZRIED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:95-CV-749)

_____

August 14, 1997

Before JOLLY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Schmalzried appeals the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Construing his notice of appeal as an application for a certificate of appealability ("COA"), in accordance with the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pub. L. No. 104-132, 110 Stat. 1214, 1217-18 (1996), we stayed the briefing schedule pending the disposition of this COA application. We now order the briefing schedule to be implemented.

The AEDPA amended 28 U.S.C. § 2253 to require the issuance of a COA as a prerequisite to appealing the denial of a § 2255 motion. In *United States v. Orozco*, 103 F.3d 389 (5th Cir. 1996), we held that the COA requirement applies to § 2255 petitions in which the notice of appeal was filed on or after the effective date of the AEDPA, April 24, 1996. *Id*. at 390-92.

Schmalzried filed his notice of appeal on October 28, 1996. Therefore, we construed the notice of appeal as a request for a COA[1] and stayed briefing pending the disposition of this application.[2] The intervening decision in *Lindh v. Murphy*, 117 S. Ct. 2059 (1997), however, eliminates the need to issue a COA in the instant case. In *Lindh*, the Court concluded that the amendments to chapter 153 of title 28 apply only to cases filed after the effective date of the AEDPA. *Id*. at 4561. Insofar as the COA requirement, 28 U.S.C. § 2253(c), falls within chapter 153 of title 28, *Lindh* has overruled *Orozco*. Hence, the COA requirement applies only to § 2255 petitions filed after the effective date of the AEDPA. *United States v. Carter*, 117 F.3d 262, 264 (5th Cir. 1997).

---

[1] *See* FED. R. APP. P. 22(b) (providing that a notice of appeal shall be construed as a motion for COA if no express request is filed); *see also Orozco*, 103 F.3d at 392.

[2] *See Lucas v. Johnson*, 101 F.3d 1045, 1046 (5th Cir. 1996).

2

Schmalzried filed his § 2255 petition on October 13, 1995. Therefore, a COA is not needed to vest jurisdiction in this court. Accordingly, we order that a briefing notice shall issue forthwith, instructing the United States to respond to Schmalzried's brief, and the appeal shall be submitted for consideration and action in accordance with the usual procedures.

IT IS SO ORDERED.