IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41069
Summary Calendar
_____

DARVEN WILLIAMS,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-436
--------------------

January 24, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Darven Williams, Texas prisoner #588521, seeks a certificate of appealability (COA) to appeal from the dismissal of his habeas corpus application. Williams COA motion is GRANTED. Williams also seeks to supplement the record; his motion to supplement is DENIED. Williams argues that his 1998 conviction of disorderly conduct violated the Double Jeopardy Clause because he was convicted of the same offense in 1994 based on the same conduct; that he received ineffective assistance of counsel regarding the

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1998 conviction; and that his administrative release improperly was revoked based on the 1998 conviction.

The record indicates that Williams is in custody pursuant to the revocation of his administrative release by the Texas Board of Pardons and Paroles and that the Board's action was based on the 1998 disorderly conduct conviction. A prisoner may pursue habeas corpus relief under 28 U.S.C. § 2254 on the ground that he is in custody pursuant to an unconstitutional action of a parole board. *Newby v. Johnson*, 81 F.3d 567, 568-69 (5th Cir. 1996) (challenging good-conduct time calculations); *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991)(same). The district court should not have dismissed Williams's habeas corpus application on the basis that he was not in custody.

The district court dismissed Williams's application and denied him a COA solely on the basis that he was not in custody for purposes of § 2254. We lack jurisdiction to consider a prisoner's underlying habeas contentions in a COA motion when the district court has not considered them. *Whitehead v. Johnson*, 157 F.3d 384, 387-88 (5th Cir. 1998). We therefore lack jurisdiction to consider Williams's underlying habeas contentions.

VACATED AND REMANDED.