United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20115
Summary Calendar

TIMOTHY HUGH QUEEN, Individually, and on behalf of Sabrina Nicole
Goeddertz, a minor child,

Plaintiff-Appellant,

versus

W. B. PURSER, Houston Police Officer Employee No. 099826 in His
Individual Capacity,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-5288
--------------------

Before EMILIO M. GARZA, DeMOSS, CLEMENT, Circuit Judges.

PER CURIAM:[*]

Timothy Hugh Queen, Texas inmate # 526808, appeals from the
dismissal of his civil rights action. Queen claimed that Houston
police officer W. B. Purser illegally stopped him, illegally seized
contraband from his clothing, and falsely arrested him. Queen's
complaint also asserted a claim for loss of familial association on
behalf of his minor daughter, Sabrina Nicole Goeddertz, based on
Queen's arrest and subsequent incarceration following Queen's
conviction for possession of controlled substances. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court dismissed the complaint as frivolous pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), because Queen's conviction had not been invalidated and because a favorable judgment on Queen's claims that the search and arrest had been unlawful would imply the invalidity of his conviction.

Queen argues that the "favorable termination" requirement of Heck does not apply because he had completed his sentence before he filed his complaint and thus could not challenge his conviction by means of a federal habeas petition. Queen's argument is foreclosed by Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000), in which this court determined that it was bound to apply Heck's "favorable termination" requirement to custodial as well as released inmates.

One panel of this court is bound by the precedent of previous panels absent an intervening Supreme Court case overruling that prior precedent. See Martin v. Medtronic, Inc., 254 F.3d 573, 577 (5th Cir. 2001).

Queen contends that the district court abused its discretion in dismissing his unlawful arrest claim under Heck because the claim does not necessarily implicate the validity of his conviction. In order to prevail on his claim, Queen must show that Purser lacked probable cause to arrest him. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995). Queen's false arrest claim necessarily challenges whether the evidence seized by Purser, which led to his conviction, supplied probable cause for his arrest. Queen's false arrest claim is therefore barred by Heck. See

<u>Jackson v. Vannoy</u>, 49 F.3d 175, 177 (5th Cir. 1995).

Queen argues that the district court abused its discretion in dismissing as frivolous the claim of his minor daughter.  Because his daughter's claim is derivative of his constitutional claims, and because Queen's claims are barred, the district court did not abuse its discretion in dismissing the claim asserted on behalf of Queen's daughter.  <u>See</u> <u>Benavides v. County of Wilson</u>, 955 F.2d 968, 975 (5th Cir. 1992).

Queen's remaining argument is that the district court erred in dismissing his action before the defendant answered the complaint.  The district court's dismissal of the action was in accord with 28 U.S.C. § 1915, which requires dismissal "at any time" if the court determined that the action is frivolous.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i).

The district court's dismissal of Queen's action as frivolous counts as a "strike" under 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).  Queen is hereby CAUTIONED that if he accumulates three "strikes," he will not be able to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.