United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10175
Summary Calendar

_____

BENJAMIN A. HASSLER, JR.,

                              Plaintiff-Appellant,

versus

CARSON COUNTY; STUART MESSER, Carson County District Attorney;
MIKE BRITTEN, County Commissioner; KENNETH WARE, County
Commissioner; JERRY STRAWN, County Commissioner; KEVIN HOWELL,
County Commissioner; G. ROBERTSON, Carson County Sheriff; CELESTE
BICHEL, Carson County District Clerk,

                              Defendants-Appellees.

- - - - - - - - - -
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-148
- - - - - - - - - -

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Benjamin A. Hassler filed this pro se, in forma pauperis

complaint pursuant to 42 U.S.C. § 1983, at a time when he was a

Texas prisoner (# 222006) serving a 99-year prison term for a

1970 conviction of malice murder.  Hassler, who allegedly has

since discharged his sentence, now appeals the district court's

sua sponte dismissal of his complaint as frivolous and for

failure to state a claim upon which relief may be granted,

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).  The district

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court concluded that Hassler's claims regarding the failure to credit him with jail time served in Carson County were barred by the rule of Heck v. Humphrey, 512 U.S. 477 (1994), insofar as he sought monetary damages.  The court concluded that claims for injunctive relief sounded in habeas and should have been brought in a 28 U.S.C. § 2254 petition.

Hassler contends that the district court's application of the Heck bar was improper because the 28 U.S.C. § 2254 remedy was unavailable to him, both because he has completed his prison sentence and because the limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") prevent him from seeking habeas relief.  "[I]n order to recover damages for allegedly unconstitutional . . . imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486-87.  The Heck bar applies even to former prisoners for whom the 28 U.S.C. § 2254 remedy is no longer available, if the plaintiff has failed to establish that other "procedural vehicle[s]" are lacking.  See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000).  Hassler has not made such a showing.  Because Hassler's sentence has not been overturned or otherwise invalidated, his claims were barred by Heck.  See Randell, 227 F.3d at 301.  Similarly, Hassler's claim for injunctive relief is not actionable under 42 U.S.C. § 1983.  See Newby v. Johnson, 81 F.3d 567, 569 & n.1 (5th Cir. 1996).

Hassler thus has not demonstrated that the district court abused its discretion in dismissing his complaint as frivolous, see Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001), or erred in dismissing the complaint for failure to state a claim.[**] See Hart v. Hairston, 343 F.3d 762, 763-64 (5th Cir. 2003).

The magistrate judge did not abuse his discretion in denying Hassler's motion for recusal. See United States v. MMR Corp., 954 F.2d 1040, 1045-46 (5th Cir. 1992).

The judgment of the district court is AFFIRMED. Because Hassler was incarcerated at the time he filed the instant complaint, the district court's dismissal of his complaint as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Should Hassler be returned to prison and accumulate three strikes, he would not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he were under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.

---

[**] Contrary to Hassler's contentions, a district court's dismissal of a complaint both as frivolous and for failure to state a claim is not "legally inconsistent."