Christopher WILSON

v.

The CITY OF PONCHATOULA, LOUISIANA, et al.

No. CIV.A.03–2723.

United States District Court, E.D. Louisiana.

Dec. 17, 2004.

Thomas Joseph Hogan, Jr., Hogan & Hogan, Hammond, George Frieberg Riess, Law Offices of George F. Riess & Associates, LLC, New Orleans, LA, for Plaintiff.

Bradley C. Myers, John Francis Jakuback, Jason R. Cashio, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, Baton Rouge, LA, Julie Parelman Silbert, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, New Orleans, LA, for Defendants.

### ORDER AND REASONS

LEMMON, District Judge.

**IT IS ORDERED** that defendants' motion for summary judgment (Document 40) is **GRANTED**. Plaintiff Christopher Wilson's claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the conditions of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) are met.

#### A. Background.

On October 8, 2002, plaintiff Christopher Wilson was tried and convicted in the Mayor's Court of the City of Ponchatoula for marijuana possession and resisting an officer by flight. Wilson was incarcerated for six months on these convictions. Wilson alleges that the Mayor's Court had no jurisdiction over the crimes with which he was charged, and that he was deprived of his constitutional right to counsel. Wilson has sued the City of Ponchatoula and certain of its officials for damages under 42 U.S.C. § 1983 for deprivation of his constitutional rights.

Additionally, Wilson alleges that "for many years" the Mayor's Court has acted outside of its jurisdiction in trying criminal cases, and has routinely neglected to inform accused individuals of their constitutional rights. Wilson alleges that he represents the class of persons who have been

prosecuted for violations of state criminal law in the Mayor's Court. Wilson seeks class certification, and a judgment (1) declaring the practices of the Mayor's Court unlawful, (2) enjoining the defendants from engaging in conduct in violation of the law, (3) ordering defendants to pay compensatory and punitive damages. Defendants have moved for summary judgment, arguing that Wilson's suit is barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

## B. Analysis.

In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486–87, 114 S.Ct. 2364 (emphasis in original). Accordingly, under *Heck* "until the conviction or sentence is reversed, expunged, invalidated or impugned by the grant of a writ of habeas corpus," a "cause of action" does not come into existence. *Id.* at 489, 114 S.Ct. 2364.

It is undisputed that this court could not award Wilson damages unless it determined that his conviction was unconstitutional and unlawfully obtained because his right to counsel was abridged or the Mayor's Court was without jurisdiction to try him. Relying on *Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), Wilson nevertheless argues that *Heck* does not apply because there was no "direct appeal" available to him from his Mayor's Court conviction,[1] there is no avenue available to have his conviction expunged, and there is currently no way to have his conviction declared invalid by a state or federal court through a post-conviction attack because he is no longer in custody. *Spencer* involved a petitioner who filed a § 2254 challenge to the revocation of his parole. The Court held that once petitioner was released from custody on the parole revocation, his claim became moot. Although petitioner argued that his claim was not moot because he could not receive a money judgment in a subsequent § 1983 action unless he invalidated the parole revocation, the Court called this argument "a great non sequitur, unless one believes (as we do not) that a § 1983

---

1. Under LSA–R.S. 13:1896 A.(1), "the district courts have appellate jurisdiction ... over all appeals from a mayor's court where a person has been subjected to imprisonment or a forfeiture of rights or property. Appeals from mayor's courts and justice of the peace courts, as provided for herein, shall be tried de novo." Wilson admits that he did not timely file an appeal under this provision to the district court from his October 8, 2002 conviction. In July 2003, Wilson filed a motion to vacate sentence in the Mayor's Court, which denied the motion on September 23, 2003. Wilson's appeal of the denial of the motion to vacate sentence remains pending.

action for damages must always and everywhere be available." *Id.* at 988. However, in a concurring opinion by Justice Souter, four justices stated that *Heck* did not foreclose a § 1983 claim for individuals who have been released from custody, even if their convictions were never invalidated:

> [A] former prisoner, no longer "in custody," may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy. Thus, the answer to Spencer's argument that his habeas claim cannot be moot because *Heck* bars him from relief under 1983 is that *Heck* has no such effect. After a prisoner's release from custody, the habeas statute and its exhaustion requirement have nothing to do with his right to any relief.

*Id.* at 21, 118 S.Ct. 978. Additionally, because Justice Stevens in his *Spencer* dissent stated that he agreed with Justice Souter's rationale,[2] Wilson argues that a majority of the Supreme Court now believes that *Heck* should not apply to individuals without a habeas remedy.

The Fifth Circuit examined a similar argument in *Randell v. Johnson,* 227 F.3d 300 (5th Cir.2000) (*per curiam* ), *cert. denied,* 532 U.S. 971, 121 S.Ct. 1601, 149 L.Ed.2d 468 (2001). Plaintiff Randell sought damages under § 1983 for an allegedly unconstitutional conviction and sentence. Randell had already been released from incarceration at the time he filed his complaint. The court examined both *Heck* and *Spencer:*

> Based on dicta from concurring and dissenting opinions in *Spencer v. Kemna,* three circuits have concluded

that the Supreme Court—if presented with the question—would relax *Heck's* universal favorable termination requirement for plaintiffs who have no procedural vehicle to challenge their conviction. Randell has not shown that such a procedural vehicle is lacking; he speaks only of inability to obtain habeas relief.

> In the alternative, we decline to announce for the Supreme Court that it has overruled one of its decisions.

> We agree with the First Circuit, which stated:

>> We are mindful that dicta from concurring and dissenting opinions in a recently decided case, *Spencer v. Kemna,* may cast doubt upon the universality of *Heck's* "favorable termination" requirement. The Court, however, has admonished the lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and leave to the Court "the prerogative of overruling its own decisions." We obey this admonition.

*Id.* at 301 (citation omitted) (quoting *Figueroa v. Rivera,* 147 F.3d 77, 81 n. 3 (1st Cir.1998)); *see also Hassler v. Carson County,* 111 Fed.Appx. 728, 2004 WL 2278505 (5th Cir.2004); *Queen v. Purser,* 109 Fed.Appx. 659, 2004 WL 1879999 (5th Cir.2004), *petition for cert. filed* (No. 04–7489, Nov. 22, 2004).

It is uncontested that Wilson has not had his conviction reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. As *Randell*

---

**2.** *See Spencer,* 523 U.S. at 25 n. 8, 118 S.Ct. 978 ("Given the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice Souter explains, that he may bring an action under 42 U.S.C. § 1983.").

makes clear, Wilson's claim is barred by *Heck*.

**C. Conclusions.**

Defendants' motion for summary judgment is granted, and Wilson's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.