# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2012

No. 11–30723
Summary Calendar

Lyle W. Cayce
Clerk

JORGE PUGA,

Petitioner - Appellant

v.

WILLIAM SHERROD,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11–CV–412

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Puga, federal prisoner #A074-58-179, appeals the district court's denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus challenging his sentence for possession of less than 50 kilograms of marijuana with intent to distribute and the Bureau of Prisons' (BOP) denial of his request for a nunc pro tunc designation of state prison as the place for the service of his federal sentence. Puga asserted that he should have received credit on his federal sentence for the state sentence he had previously served for the same conduct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11–30723

Puga argues that the district court committed procedural error by refusing to consider his objections to the magistrate judge's report and recommendation. He asserts that his requests for an extension of time to file his objections were timely under the mailbox rule and that he could not have filed his objections any earlier than he did because of a prison lock down. He contends that the refusal to consider his objections was a violation of his due process rights and that his objections were meritorious.

Any error in denying Puga's § 2241 petition without first affording Puga the ability to object to the magistrate judge's report and recommendation was harmless. *See Braxton v. Estelle*, 641 F.2d 392, 397 (5th Cir. 1981); *McGill v. Goff*, 17 F.3d 729, 731 (5th Cir. 1994), *overruled on other grounds by Kansa Reinsurance Co. v. Congressional Mortgage Co.*, 20 F.3d 1362, 1373–74 (5th Cir.1994). The district court was able to engage in a meaningful review of the magistrate judge's report and recommendation absent Puga's objections because none of Puga's claims "arose from a factual dispute and the district judge could assess the merits of the petition from its face." *Braxton*, 641 F.2d at 397 (internal quotation marks and citation omitted); *see also McGill*, 17 F.3d at 732.

Puga argues that the district court erred by not finding that the Government intentionally delayed bringing the charges against him and that the sentencing court erred by not granting him a departure from the guidelines sentence range for his having served a state sentence for the same conduct. He maintains that the delay in bringing the charges against him removed his case from the heartland of typical cases, thus justifying a departure.

Puga's challenge to the sentencing court's failure to grant him a departure because the Government delayed bringing the charges against him is a challenge to the judgment of conviction and sentence against him. As Puga is challenging only his sentence and not his conviction, his claims do not fall within the savings clause of 28 U.S.C. § 2255(e), and they are not cognizable in a § 2241 petition. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005).

Puga argues that he was entitled to a nunc pro tunc designation of state prison as the place for service of his federal sentence from the BOP that would have effectively made his federal sentence run concurrently with his expired state sentence for the same conduct. He asserts that the BOP violated his equal protection rights by not contacting the sentencing court for its input or granting his request for a nunc pro tunc designation as it did for a similarly situated inmate in *Cleveland v. Fox*, No. 1:08-cv-886, 2009 WL 1506969, at *1–*2 (E.D. Tex. May 28, 2009). For the first time on appeal, Puga argues that the BOP's actions were racially motivated because white and black inmates are given preferential treatment over Mexican inmates. In support of this claim, Puga cites viewpoints on immigration matters expressed on talk radio and the lack of any Spanish radio stations near Pollock, Louisiana, where he is incarcerated.

Puga's request for credit for his expired state sentence for the same conduct was raised at sentencing, and the sentencing court declined to give Puga credit for the time served on the state sentence. Instead of giving Puga credit for the expired sentence, the sentencing court explicitly ordered that Puga's federal sentence run consecutively to his unexpired state sentence for possession of a prohibited item in a correctional facility. Thus, while the BOP normally contacts the sentencing court in making its determination whether to grant a nunc pro tunc designation, this was unnecessary because the record showed that the sentencing court intended for Puga not to receive credit for his expired state sentence. *See Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir. 2010). Puga's reliance on *Cleveland* is unavailing because, unlike in Puga's case, the sentencing court in that case did not express any intent for the sentences to run consecutively. *See Cleveland*, 2009 WL 1506969, at *1-*2. Furthermore, Puga was not statutorily entitled to credit for his expired state sentence for the same conduct because that detention was credited against a different sentence and because there is no statutory entitlement to credit for a state sentence on a related charge. *See* 18 U.S.C. § 3585(b); *Newby v. Johnson*, 81 F.3d 567, 569 (5th

No. 11–30723

Cir. 1996).  Given the intent of the sentencing court and the lack of statutory entitlement to credit for the expired state sentence, the BOP acted well within its discretion when it denied Puga's request for a nunc pro tunc designation.  *See* § 3585(b); 18 U.S.C. § 3584(a)–(b); 18 U.S.C. § 3621(b); BOP Program Statement 5160.05; *Newby*, 81 F.3d at 569.

AFFIRMED.