**Apolinario VIGIL, aka Paul Vigil, Petitioner–Appellant,**

v.

**Robert TANSY, Respondent–Appellee.**

**No. 89–2249.**

United States Court of Appeals, Tenth Circuit.

Oct. 26, 1990.

Stephen P. McCue, Asst. Federal Defender, Albuquerque, N.M., for petitioner-appellant.

Hal Stratton, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, N.M., for respondent-appellee.

Before McKAY, MOORE and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Vigil, who was convicted in the New Mexico courts of two counts of criminal sexual penetration of a minor, appeals the denial of his petition for habeas corpus.

Mr. Vigil was tried, convicted, and appealed his convictions. His convictions were overturned but he was later retried and again convicted. Prior to his first trial, a hearing was held to determine if the State could present the testimony of the six-year-old victim by videotape. At this hearing, the State presented the testimony of Dr. Dinsmore, a clinical psychologist, and the court found "the child would suffer unreasonable mental or emotional harm by presenting live testimony and that there would be a diminished impact on the child by allowing her to give a video deposition." *State v. Vigil*, 103 N.M. 583, 585–86, 711 P.2d 28, 30–31 (1985). Mr. Vigil was present at the videotaping and defense counsel cross-examined the witness. Mr. Vigil raised the confrontation issue on the appeal, and although the New Mexico Court of Appeals reversed on other grounds, the court found that his right to confront the minor witness had not been violated. *State v. Vigil*, 103 N.M. at 587, 711 P.2d at 32. Prior to Mr. Vigil's second trial in 1986, the State sought permission to use the 1984 videotape alleging that the minor victim was still unable to testify without suffering unreasonable and unnecessary mental or emotional harm. Another hearing was held and the same psychologist again testified that the minor victim could not testify in open court and that producing a new videotape would be almost as difficult upon the victim as testifying in open court. The state court then granted the State's motion and the videotape was used at the retrial. Again, Mr. Vigil unsuccessfully raised the confrontation issue in his direct appeal following conviction.

Mr. Vigil filed his petition for habeas corpus in the United States District Court and raised three issues: (1) was the petitioner's right to confrontation violated; (2) was the evidence sufficient to sustain the convictions; and (3) was Mr. Vigil properly sentenced. The district court referred the matter to the Magistrate who subsequently issued proposed findings and a recommended disposition denying Mr. Vigil relief, which the district court ultimately adopted. The district court issued a certificate of probable cause for this appeal.

Mr. Vigil first contends that he has been denied his right to confrontation as guaranteed by the Sixth Amendment. He argues that he has the right to face his accuser *at trial* and that a defendant has the right to compel the accuser to stand face to face

with the defendant in front of the jury. We find no merit to this contention under the facts of this case.

■ This court reviews de novo all questions of law and mixed questions of law and fact. *Hopkinson v. Shillinger*, 866 F.2d 1185, 1197 (10th Cir.1989).

Mr. Vigil relies upon *Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), which held the defendant's right to confront the witnesses against him was violated when a screen was erected in the court room that enabled the witness to avoid viewing the defendant as testimony was given. The case before us does not present this situation. Mr. Vigil was present and could see and be seen by his victim as she gave her sworn testimony.

■ Since this case was filed, the Supreme Court decided *Maryland v. Craig*, — U.S. —, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). While not directly on point, this case stands for the proposition that the Confrontation Clause does not guarantee criminal defendants an absolute right to a face-to-face meeting with the witness. *Id.* 110 S.Ct. at 3163. In *Craig*, the defendant was completely deprived of his right to face-to-face confrontation with the child witness as the witness testified via television monitor out of the presence of the defendant. This led the Court to announce that prior to the admission of such testimony the trial court must find "that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant." *Id.* 110 S.Ct. at 3169. The Court also stated: "[I]f the state interest were merely the interest in protecting child witnesses from courtroom trauma generally, denial of face-to-face confrontation would be unnecessary because the child could be permitted to testify in less intimidating surroundings, albeit with the defendant present." *Id.* In the case before us, Mr. Vigil had a face-to-face confrontation with his accuser in an adversarial setting, with his counsel, and this was all videotaped for playback to the jury. In addition, this procedure was not permitted until an adversarial hearing was held and the state court had determined that testi-

mony by the child victim in the courtroom would result in the child suffering unreasonable mental and emotional harm. The Constitution requires no more.

■ Regarding Mr. Vigil's request to take a "new" videotaped deposition of the child witness, we are unable to find a reasonable basis to grant this request. Considering it would be duplicative testimony and "add[ ] little or anything to the truth seeking process," *People v. Diefenderfer*, 784 P.2d 741, 750 (Colo.1989), we decline Mr. Vigil's request. *See also Nelson v. Farrey*, 874 F.2d 1222 (7th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 835, 107 L.Ed.2d 831 (1990). None of the contentions advanced by Mr. Vigil are sufficient to overcome the state's interest in protecting this child witness. The law does not require futile acts, nor shall we. *Ohio v. Roberts*, 448 U.S. 56, 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980).

■ Mr. Vigil's remaining arguments concerning the confrontation issue, including assertions that the state court failed to make a finding of necessity and that the state trial court failed to find the victim was unavailable, are without merit. Prior to each use of the videotaped deposition, a separate hearing was held by the trial court for the sole purpose of determining whether the requisite showing of "necessity" was established. With an individualized assessment conducted at each hearing, this case is clearly distinguishable from *Coy v. Iowa*, which involved only a "generalized finding" and the underlying statute imposed a presumption of trauma. In this case, the videotaped deposition was admitted in lieu of live testimony of the child victim pursuant to N.M.S.A. 1978 § 30–9–17 (Repl. Pamp.1984) and N.M.S.A. 1978 Crim.P. Rule 5–504 (1988 Cum.Supp.). Rule 5–504 requires "a showing that the child may be unable to testify without suffering unreasonable and unnecessary mental or emotional harm" prior to the taking of such a deposition. This finding was made at each hearing by the trial judge who was particularly well-situated to view the demeanor of all witnesses and make a thoughtful and informed evaluation of the

entire proceedings. While there may not be a clear consensus as to the degree of trauma which must be shown before a child witness can be deemed unavailable to testify, the majority of courts have held that showing a traumatic effect to the child is sufficient to render the child unavailable. *See People v. Diefenderfer*, 784 P.2d 741, 749 (Colo.1989). We are in agreement with the courts so holding.

■ Mr. Vigil next contends that as no "additional expert witness was called to corroborate the testimony of the state's psychologist" there is insufficient evidence to sustain the conviction. We are not persuaded by this argument. In order for habeas corpus relief to be granted by a federal court based on a state court evidentiary ruling, the rulings must " 'render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.' " *Hopkinson*, 866 F.2d at 1197 (quoting *Brinlee v. Crisp*, 608 F.2d 839, 850 (10th Cir.1979), *cert. denied*, 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 733 (1980) ). It is clear and beyond dispute that the weight to be accorded the testimony of a witness rests with the trial court. The Constitution does not require one expert witness to corroborate another expert witness, thus we do not find the court's ruling to constitute a denial of a right protected by the Constitution.

■ Lastly, Mr. Vigil contends that he asked the state trial court to consider his ill health and to suspend his sentence rather than to incarcerate him. He argues that the decision to imprison him was clearly against logic. Counsel for Mr. Vigil has cited no law that would support such a holding. We find no merit to this contention.

We grant permission to proceed in forma pauperis and, having considered the appeal, AFFIRM the decision of the district court.