74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Randy S. KAILEY, Petitioner-Appellant,
v.
Gale NORTON, Attorney General of the State of Colorado;
Robert Furlong, Respondents-Appellees.
 No. 94-1512.
(D.C.No. 91-B-2272)
 United States Court of Appeals, Tenth Circuit.
 Jan. 17, 1996.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore submitted without oral argument.
 
 
 2
 In 1985, a Colorado state court jury convicted appellant Randy Kailey of two counts of aggravated incest. The victims were Kailey's two daughters, then ages three and four. Kailey's conviction was affirmed on direct appeal. People v. Kailey, 86CA0268 (Colo. Ct.App. Aug 27, 1987) (not selected for publication). Kailey then filed a state habeas corpus claim, which the trial court denied. The Colorado Supreme Court affirmed. Kailey v. Colorado State Dep't of Corrections, 807 P.2d 563 (Colo.1991). Later Kailey filed a motion for new trial, alleging that he had newly discovered evidence that his daughters had recanted. After a hearing, the trial court denied his motion, and the state appeals court affirmed. People v. Kailey, 90CA1321 (Colo. Ct.App. June 25, 1992) (not selected for publication).
 
 
 3
 In 1991, Kailey filed a federal habeas corpus petition pursuant to 28 U.S.C. 2254 in the District Court for the District of Colorado. In October 1994, the court denied his petition, adopting the magistrate judge's recommendation as a whole. Kailey appeals. Our jurisdiction arises under 28 U.S.C. 1291, and we affirm.
 
 
 4
 Kailey raises twelve claims in his habeas corpus petition. First he argues that although he was charged with the crime of aggravated incest, the jury convicted him of sexual assault on a child, an offense about which the jury was not instructed. Kailey bases his argument on the mittimus which stated that he had been convicted of two counts of sexual assault on a child. However, this mistake on the mittimus was the result of clerical error. The trial court judge amended the mittimus sua sponte, changing the description of the crime for which Kailey was convicted from sexual assault on a child to aggravated incest.
 
 
 5
 Kailey raised this erroneous verdicts claim in his state habeas corpus petition. After a hearing, the state court concluded that Kailey had been convicted of two counts of aggravated incest, and that he was not erroneously convicted of two counts of sexual assault on a child. In habeas corpus appeals, we presume state court findings of fact are correct, unless one of eight factors is present. 28 U.S.C. 2254(d). Because none of these factors is present here, we presume that the state court's finding is correct that Kailey was not erroneously convicted of sexual assault on a child. Thus Kailey's erroneous verdicts argument is without merit.
 
 
 6
 Kailey also raises a number of claims regarding the admissibility of his daughters' statements about what he did to them. First he contends that admission of the children's out-of-court statements against him violated his Sixth Amendment right to confront the witnesses against him. In Idaho v. Wright, 497 U.S. 804, 818-19 (1990), the Supreme Court held that hearsay statements by child witnesses in sexual abuse cases are admissible, even though the defendant has not had the opportunity to cross examine the witness, if the statements bear sufficient indicia of reliability. Admission of hearsay statements with sufficient indicia of reliability does not violate the Confrontation Clause. Id. at 822.
 
 
 7
 In this case, there was sufficient indicia of reliability based on the content and circumstances of the statements. Many of the statements were spontaneous and unprompted. In addition, as the magistrate judge noted, the statements indicate knowledge of sexual acts that children ages three and four could have only through experience. Thus the trial court did not err by admitting the children's statements.
 
 
 8
 Kailey also argues that the trial court erred by concluding that the Kailey children were unavailable to testify. Evidence that a potential child witness will be significantly traumatized by testifying in open court in the presence of the defendant is sufficient to establish unavailability. Vigil v. Tansy, 917 F.2d 1277, 1279 (10th Cir.1990), cert. denied, 498 U.S. 1100 (1991). The record in this case supports the trial court's conclusion that the Kailey children would be damaged by testifying and thus that they were unavailable to testify. Accordingly Kailey's claim on this issue fails.
 
 
 9
 Kailey also claims that the trial court should not have admitted the children's statements without requiring the state to provide corroborating evidence. This claim is without merit, because the record indicates that there was substantial evidence to corroborate the girls' statements, including medical evidence and unusual behavior by the girls. Kailey argues further that a video taped deposition of the children should not have been admitted as evidence because it was incomplete. A federal court may not grant habeas relief based on state court evidentiary rulings unless the rulings caused the trial to be fundamentally unfair and amounted to a violation of the defendant's constitutional rights. Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir.1989). The jury in this case was informed that the tape was incomplete. Two witnesses testified that the missing portions of the tape did not contain anything of substance regarding Kailey, and another witness testified that the other portions of the tape were accurate depictions of the interview. Thus the admission of the tape did not affect the basic fairness of the trial, and Kailey's argument on this claim fails.
 
 
 10
 At trial the prosecution introduced into evidence testimony from a pediatric psychiatrist who examined the children. In his testimony, the psychiatrist commented on the girls' veracity. Kailey argues that the trial court erred in admitting this testimony. As noted above, a federal court may not grant habeas relief based on state court evidentiary rulings unless the rulings caused the trial to be fundamentally unfair and amounted to a violation of the defendant's constitutional rights. Hopkinson, 866 F.2d at 1197. Considering the strength of the rest of the evidence against Kailey, admission of the psychiatrist's testimony did not constitute fundamental unfairness. Thus Kailey's argument on this claim fails.
 
 
 11
 On appeal Kailey raises a claim of prosecutorial misconduct which he did not raise before the district court or the state court. For a claim to be reviewable on habeas, it must be raised before the state court, and the defendant must exhaust her state remedies. 28 U.S.C. 2254(b); Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1720 (1992). Because Kailey has not complied with these requirements, his claim is not ripe for review. Kailey also argues that he received ineffective assistance of counsel. However, Kailey has not presented evidence, as required by Strickland v. Washington, 466 U.S. 668 (1984), that (1) counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Id. at 2064, 2068. Consequently, Kailey's ineffective assistance argument fails. Kailey further alleges on appeal that he did not receive a fair trial. There is no factual basis for these contentions, and consequently his argument on this claim fails.
 
 
 12
 Kailey moved for a new trial based on newly discovered evidence, which consisted of letters from the children in which they recanted their earlier testimony. After a hearing, the trial court found that the girls wrote the letters after Kailey sent them Christmas presents; that they felt sorry for him and wanted to make him feel better; and that they did not remember the events in question. After examining all the evidence at the hearing, the trial court concluded that the new evidence would not have changed the result of the trial. We agree. The new evidence does not support a claim of actual innocence so convincing that a constitutional violation occurred in denying Kailey's motion for new trial. See Herrera v. Collins, 113 S.Ct. 853 (1993).
 
 
 13
 Kailey also claims that he is entitled to mandatory parole under an old interpretation of the Colorado parole law. When Kailey was sentenced, the Colorado parole statutes were interpreted to require release of inmates after they had served a certain number of years, combined with vested good time and earned time credits. In January 1989 the Colorado parole board adopted a new interpretation of the parole statues for inmates who had committed sex offenses. Under the new interpretation, Colo.Rev.Stat. 17-2-201(5)(a), which grants discretion to the parole board to decide whether to release an inmate, applies to inmates who committed sex offenses. The Colorado Supreme Court upheld this interpretation in Thiret v. Kautzky, 792 P.2d 801 (Colo.1990). Kailey argues that retroactive application of Thiret deprives him of a constitutionally protected interest in mandatory parole.
 
 
 14
 A new interpretation of a statute may violate the Due Process Clause if the new interpretation is unforeseeable. Devine v. New Mexico Dep't of Correction, 866 F.2d 339, 345 (10th Cir.1989). In this case, the new interpretation of the parole statutes was foreseeable, because the plain language of 17-2-201(5)(a) gives the parole board discretion in parole decisions. Accordingly, Kailey's argument on this claim fails.
 
 
 15
 Finally, Kailey complains that required attendance at the Department of Corrections's Sex Offender Treatment Program (SOTP) violates his constitutional right against self-incrimination, because attendance at the program requires him to admit guilt. However, this argument fails because Kailey would be forced to incriminate himself only if there was some realistic risk of criminal prosecution based on a statement by Kailey. Absent this risk of prosecution, there is no violation of the right against self-incrimination. Thus the SOTP requirement does not rise to the level of a constitutional violation.
 
 
 16
 In sum, we deny Kailey's petition for habeas relief for substantially the reasons given in the magistrate's report, which was wholly adopted by the district court. The decision of the district court is AFFIRMED.
 
 
 17
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3