**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GERARD DALE WHITE,

Petitioner-Appellant,

v.

H.N. "SONNY" SCOTT; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

No. 97-6258
(D.C. No. 97-CV-439)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Gerard Dale White was convicted by a jury of first degree murder. His conviction was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals in a summary opinion. White then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma alleging several grounds for relief. The district court refused to grant the writ and refused to issue a certificate of appealability. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court.[1]

White initially argues that because the Oklahoma Court of Criminal Appeals, in affirming his conviction, issued only a summary opinion he was deprived of due process. There is no merit to this claim. As the magistrate judge explained, there is no constitutional requirement that an appellate court accompany a decision with a written opinion. See Taylor v. McKeithen, 407 U.S. 191, 194 n.4 (1972); see also King v. Champion, 55 F.3d 522, 526 (10th Cir. 1995) (specifically finding no constitutional infirmity in Oklahoma Court of Criminal Appeals' decision to use summary opinions). This is especially true in the case of summary affirmances. See Taylor, 407 U.S. at 194 n.4. To the extent

_____

[1]     Because White filed his habeas petition in the district court on March 27, 1997, we review his petition under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (effective April 24, 1996). See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997).

White believes that the Court of Criminal Appeals should have made factual findings regarding his case, he misunderstands the role of appellate review.

Next, citing 28 U.S.C. § 2254(b)(1)(B)(I) and (ii), White argues that there were no corrective procedures available to him under Oklahoma law. These two provisions are exceptions to the general rule requiring exhaustion of state remedies in § 2254 cases. Not only do the cited provisions have no application to White's case, he failed to raise the issue in the district court and we will not address it here. See Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir. 1995). White's contention that certain defense witnesses did not testify at his trial because of duress is similarly waived on appeal for failure to present the issue to the district court.

White takes exception to the jury instructions, arguing that he should have received the benefit of a self-defense instruction and that it was error for the court to give a flight instruction. In order to successfully attack a state court judgment based on an erroneous jury instruction, White must show that the instruction had the effect of rendering his trial fundamentally unfair in a constitutional sense. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977); see also Hunter v. New Mexico, 916 F.2d 595, 598 (10th Cir. 1990). Further, to the extent that the jury instructions reflect matters of state law, the recent amendments to § 2254 specify that a habeas petition predicated on legal error may be granted only where the

state adjudication of the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

We first examine White's contention that he should have received an instruction on self-defense. A defendant is entitled to a particular jury instruction only if the evidence warrants such an instruction. See Beck v. Alabama, 447 U.S. 625, 635-36 (1980). The facts of the case and the law of the state must warrant such an instruction. See Holt v. Deere & Co., 24 F.3d 1289, 1295 (10th Cir. 1994). Our first inquiry is whether the decision not to give a self-defense instruction was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

It is clear from our review of the jury instruction conference that the trial judge understood that a defendant is entitled to a particular jury instruction only if the facts adduced at trial warrant the instruction. See Vol. II, Transcript of Jury Trial at 288-92. Thus, this part of the decision was not contrary to Supreme Court-determined federal law. Secondly, we consider the mixed question of law and fact, i.e., whether the trial judge's determination not to give a self-defense instruction involved an unreasonable application of federal law to the facts of the case. See § 2254(d)(1).

> [A]n application of law to facts is <u>unreasonable</u> only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

<u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir. 1996) (<u>overruling on other grounds recognized by</u> <u>United States v. Carter</u>, 117 F.3d 262, 264 (5th Cir. 1997)), <u>cert. denied</u>, 117 S. Ct. 1114 (1997).

White's defense theory was that he and the victim struggled for the victim's gun and that the victim accidentally shot himself. The trial judge, in refusing the self-defense instruction, reasoned that, because there was no evidence from White that he intended to shoot the victim, the self-defense instruction was not warranted. <u>See</u> Vol. II, Transcript of Jury Trial at 288-92. In his report and recommendation to the district court, the magistrate judge thoroughly and accurately reviewed the evidence adduced at trial relevant to a theory of self-defense. We agree with the district court that, based on this evidence, the trial court's refusal to give a self-defense instruction did not involve an unreasonable application of federal law to the facts of this case, nor did it result in a trial fundamentally unfair in a constitutional sense.

White's argument that the inclusion of a flight instruction should serve as the basis for federal habeas relief is also without merit. As mentioned above,

in order to prevail White has to demonstrate that the giving of this instruction rendered his trial fundamentally unfair in a constitutional sense. See Henderson, 431 U.S. at 154. Under Oklahoma law, it has long been appropriate to give a flight instruction when the defendant interposes a plea of self defense or justifiable homicide. See Mitchell v. State, 876 P.2d 682, 684 (Okla. Crim. App. 1993) (citing cases), as corrected by, 887 P.2d 335 (Okla. Crim. App. 1994). Petitioner attempted to establish both of these defenses at trial through the testimony of Detective Fairchild. Although asserting that the instruction "diminished" the government's burden, petitioner does not allege that that burden was impermissibly shifted or that the instruction misstated or omitted an element of the offense. Because he offers no factual support to buttress his contention that the jury was allowed to determine guilt or innocence based on improper considerations, petitioner has failed to raise an issue of constitutional magnitude justifying habeas relief.

Finally, White alleges that the trial court's decision to allow testimony of a prior shooting incident allegedly involving White was erroneous and supports the grant of the writ. "In order for habeas corpus relief to be granted by a federal court based on a state court evidentiary ruling, the rulings must render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." Vigil v. Tansy, 917 F.2d 1277, 1280 (10th Cir. 1990) (quotation omitted). Trial

courts have broad discretion regarding the admissibility of testimony.  See United

States v. Davis, 40 F.3d 1069, 1073 (10th Cir. 1994).  Our review of the record

reveals nothing constitutionally infirm in the trial court's decision to admit this

evidence.

The application for a certificate of appealability is DENIED, and the

judgment of the United States District Court for the Western District of Oklahoma

is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge