**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FRANK D. SWART,

　　　　　Petitioner-Appellant,

v.

STEVE HARGETT,

　　　　　Respondent-Appellee.

No. 99-6160
(D.C. No. 97-CV-998-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

　　　　After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

　　　　Frank Swart, an Oklahoma state prisoner, seeks a certificate of

appealability to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

---

\*　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

corpus petition.  As Swart has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability and dismiss the appeal.

**Jurisdiction**

As a threshold matter, we must decide whether this court has jurisdiction to hear Swart's appeal.  The district court entered its order denying § 2254 relief on March 17, 1999.  Pursuant to Fed. R. App. P. 4(a)(1)(A), 26(a)(3-4), and 26(a)(4), Swart's notice of appeal was due on or before April 16, 1999.  Swart's notice of appeal was docketed as filed on April 22, 1999.  In response to a jurisdictional show cause order issued by this court, Swart submitted a log notation indicating that prison officials mailed something from Swart on April 9, 1999. Therefore, we hold that Swart's notice of appeal was timely.       *See* Fed. R. App. P. 4(c)(1) ("If an inmate confined to an institution files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.");      *Houston v. Lack* , 487 U.S. 266, 276 (1988) (holding that pro se prisoner's notice of appeal is deemed filed when it is delivered to prison officials for forwarding to the district court).

**Background**

On June 20, 1997, Swart filed a § 2254 habeas petition asserting eleven grounds of constitutional violation in his state conviction on three counts of lewd molestation of a minor and one count of forcible oral sodomy, for which he was sentenced to four consecutive fifteen-year terms of imprisonment. Following a de novo review, the district court affirmed the magistrate judge's recommendation that Swart's petition be denied.

In his application for a certificate of appealability, Swart asserts that the district court erred in denying his petition on his claims of (1) denial of confrontation; (2) improper vouching for child victims; (3) insufficient evidence; (4) ineffective assistance of appellate counsel; and (5) ineffective assistance of trial counsel.

**Discussion**

Initially, Swart claims error in the district court's dismissal of his claim that he was denied his constitutional right to confrontation when one of the child victims was held incompetent to testify. Swart asserts that the prosecutor used the Oklahoma state statute "to HIDE [the child victim] from the examining court and the defense." Appellant's Br. at 10. In his application for a certificate of appealability, he asserts that the district court erred in applying *Ohio v. Roberts*, 448 U.S. 56 (1980), instead of *Coy v. Iowa,* 487 U.S. 1012 (1988), to its decision

on his confrontation claim. *See* Appellant's Br. at 3. He does not, however, offer any factual or legal support for any of these assertions.

We have held that reasoned arguments must be presented addressing grounds for appeal. *See United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995). Moreover, the challenging party must support his argument with legal argument or authority. *See Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992). Despite, our obligation to construe pro se pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we "will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues," *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Therefore, in light of Swart's lack of anything even approaching reasoned argument or legal authority, we deem this issue waived. *See United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996).

Next, Swart asserts that the district court erred in dismissing his claim that he was denied due process when a police detective was allowed to vouch for the truthfulness of the child victim ruled incompetent to testify. At trial, a police detective was allowed to testify to the statements of the victim and to describe the reactions of numerous child victims he had interviewed. The detective also testified regarding his interview techniques with abused children and his experience with the truthfulness of these children.

-4-

Relying on Oklahoma state law, the magistrate judge concluded that such testimony was permissible in order to help the jury in deciding whether or not the alleged abuse actually occurred. *See* Okla. Stat. tit. 12, § 2704; *Davenport v. State*, 806 P. 2d 655, 659 (Okla. Crim. App. 1991). The magistrate judge concluded that in light of the abundance of other evidence as to the consistency of the victims' stories, the detective's testimony neither undermined the fundamental fairness of the trial nor contributed to a miscarriage of justice. *See Vigil v. Tansy*, 917 F.2d 1277, 1280 (10th Cir. 1990).

In his brief, Swart states that the detective's statements may have been "just fabrications," and the only reason he was believed was because of his community position as a police officer. Appellant's Br. at 10. Once again, these statements do not constitute adequate argument challenging the findings and conclusions of the magistrate judge on this claim. The same thing is true of Swart's claim that the district court erred in dismissing his claim of insufficient evidence. Swart provides no argument whatsoever in support of this claim. Therefore, we consider both of these issues waived on appeal. *See Hardwell*, 80 F.3d at 1492.

Next, Swart asserts ineffective assistance of appellate counsel. In dismissing this claim, the magistrate judge thoroughly reviewed the state court's decision on this issue and concluded that the state court's determination was correct. Swart contends that the district court incorrectly relied on *English v. Cody*, 146 F.3d 1257

(10th Cir. 1998), in dismissing this claim. Swart does not elaborate further. Once again, we need not address an issue that has been inadequately developed or argued on appeal. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (holding that perfunctory complaints which fail to develop an issue are insufficient to invoke appellate review).

Finally, Swart claims ineffective assistance of trial counsel based on his contention that his trial counsel failed to adequately investigate or interview witnesses, take depositions, or hire expert defense witnesses. In his application for a certificate of appealability, Swart asserts that the district court inappropriately applied the *English* decision to this issue also.

The Oklahoma Court of Criminal Appeals found this issue to be procedurally defaulted due to Swart's failure to raise it on direct appeal. Relying on this court's decision in *English*, the magistrate judge concluded that, because "trial and appellate counsel differ and the ineffectiveness claim can be resolved upon the trial record alone," federal habeas review of the issue was precluded. Magistrate Judge's Report & Recommendation at 14. The court further determined that Swart had not overcome this default by showing cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Swart does not challenge the magistrate judge's rationale or assert any error in the magistrate judge's conclusions. We find the magistrate judge's recommendation on

this issue to be thorough and well-reasoned.  Consequently, we affirm the court's

dismissal of this issue for substantially the reasons stated in the magistrate judge's

report and recommendation and the district court's order.

A petitioner may appeal the denial of a habeas corpus petition only if a

"circuit justice or judge" issues a certificate of appealability.  28 U.S.C.

§ 2253(c)(1)(A).  We have thoroughly reviewed Swart's application for a certificate

of appealability, his brief, the magistrate judge's report and recommendation, the

district court's order, and the record on appeal.  For the foregoing reasons and for

the reasons stated in the magistrate judge's recommendation and the district court's

order, we conclude that Swart has not "made a substantial showing of the denial of

a constitutional right."  *Id.* § 2253(c)(2).  Accordingly, we DENY his application

for a certificate of appealability and DISMISS the appeal.  Swart's motion for leave

to proceed on appeal in forma pauperis is denied as moot.

Entered for the Court

Deanell Reece Tacha
Circuit Judge