**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHAWN WILLIAM CAIN,

      Petitioner-Appellant,

v.

BOBBY BOONE,

      Respondent-Appellee.

No. 99-6331
(D.C. No. CV-97-1146-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Shawn William Cain, proceeding *pro se* , seeks a certificate of appealability (COA) so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Following a jury trial, Cain was convicted in Oklahoma state court of one count of shooting with intent to kill and conspiracy to distribute a controlled dangerous substance. [1] On June 15, 1993, in accordance with the jury recommendation, the state trial judge sentenced Cain to life imprisonment on both counts, to be served consecutively. Cain filed a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed his conviction on these counts. He then filed an application for post-conviction relief with the Oklahoma state district court, which was denied. Cain filed the instant § 2254 habeas petition with the United States District Court for the District of Oklahoma on July 19, 1997.

In the habeas petition, Cain raised ten grounds for relief: (1) the evidence was insufficient to support his conviction for shooting with intent to kill; (2) the trial court erred in failing to instruct the jury *sua sponte* on a lesser included offense; (3) the evidence was insufficient to support his conviction for conspiracy to distribute a controlled dangerous substance; (4) he received ineffective

---

[1] Cain was also convicted of one count of maintaining a dwelling where drugs are kept, but on direct appeal, the Oklahoma Court of Criminal Appeals reversed his conviction on this count and remanded the case for a new trial on this count. The State eventually dismissed this count against Cain.

assistance of trial counsel; (5) the trial court erroneously admitted allegedly involuntary statements he made to police Officer Bret Macy; (6) the trial court improperly admitted "other crimes" evidence; (7) the police's entry into his home was unlawful because the search warrant for his home was not supported by probable cause; (8) he was arrested without a warrant and held in detention without a prompt probable cause or bail hearing; (9) the trial court erroneously allowed the testimony of government witnesses who had not been endorsed by the State; and (10) he received ineffective assistance of appellate counsel.

In a thorough and well-reasoned report and recommendation (R & R), the magistrate judge addressed each of the ten claims raised in Cain's habeas petition and recommended that the petition be denied. As to claims (1) and (3), the magistrate judge found that the evidence, viewed in the light most favorable to the government, supported Cain's convictions. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). As to claim (2), the magistrate judge found that the failure of the trial court to instruct the jury *sua sponte* on a lessor included offense was not grounds for federal habeas relief. *See Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993). The magistrate judge found that the evidence did not support Cain's allegation that his statements to Officer Macy were involuntary, and the "other crimes" evidence admitted at trial did not render his trial fundamentally unfair. Thus, the magistrate judge concluded the OCCA's

determinations with respect to claims (5) and (6) were not contrary to, or an unreasonable application of clearly established federal law. The magistrate judge found that habeas review was precluded as to claims (7) and (8) because Cain had a full and fair opportunity to litigate these Fourth Amendment issues in state court. *See Stone v. Powell*, 428 U.S. 465, 482 (1976). Moreover, the magistrate judge noted that a conviction will not be vacated solely because the defendant was detained prior to trial without a determination of probable cause. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). The magistrate judge found that claim (9), which Cain failed to raise on direct appeal, was procedurally barred on an independent and adequate state ground. *See English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). Finally, as to claims (4) and (10), the magistrate judge found that Cain's ineffective assistance of trial counsel and appellate counsel claims did not warrant habeas relief. After conducting a *de novo* review, the district court addressed Cain's objections to the R & R, adopted the R & R in its entirety, and denied the petition.

Cain's petition and appeal were filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, Cain is not entitled to receive a COA unless he can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make such a showing by demonstrating that reasonable jurists could debate

whether the petition should have been resolved in a different manner, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* at 1604.

This court is in substantial agreement with the magistrate judge's R & R detailing why Cain is not entitled to habeas relief. We note, however, that because the magistrate judge issued his recommendation before *Williams v. Taylor*, 120 S. Ct. 1495 (2000), was decided, the R & R cites a now overruled "reasonable jurist" interpretation with respect to the appropriate standard of review under § 2254. If the state court adjudicated a particular § 2254 claim on its merits, a petitioner is not entitled to habeas relief unless the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding,"
*id*. § 2254(d)(2).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 120 S. Ct. at 1523.

The magistrate judge quoted *White v. Scott*, No. 97-6258, 1998 WL 165162 (10th Cir. Apr. 9, 1998) (unpublished), for the statement that "'an application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect.'" *Id*. at **2 (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). In *Williams*, decided April 18, 2000, the Supreme Court rejected this interpretation of the "unreasonable application" clause of § 2254(d)(1) which refers to a "reasonable jurist" because it is of "little assistance" and "may be misleading." *Williams*, 120 S. Ct. at 1521. *Williams* criticized the *Drinkard* standard in particular, stating that, "[t]he 'all reasonable jurists standard' would tend to mislead federal habeas courts by focusing their attention on a subjective inquiry rather than on an objective one." *Id.* at 1522. "Stated simply," the

Supreme Court wrote, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 1521. We conclude, however, that this change in the standard of review has no resulting effect on the findings of the magistrate judge.

Upon *de novo* review of Cain's application for a COA, the appellate brief, the R & R, the district court's order, and the entire record on appeal, including the complete trial transcripts, we conclude the issues raised by Cain are not reasonably debatable, subject to a different resolution on appeal, or deserving of further proceedings. Accordingly, Cain's application for a COA is DENIED for substantially those reasons set out in the magistrate judge's R & R dated June 4, 1999 and the district court's order dated July 30, 1999, and we DISMISS this appeal.

Entered for the Court

Michael R. Murphy
Circuit Judge