**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-30882

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

WILLIAM CARTER,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana

July 8, 1997

Before WIENER, PARKER, Circuit Judges, and LITTLE,[*] District Judge.

PER CURIAM:

William Carter ("Carter") appeals the district court's denial of his 28 U.S.C. § 2255 motion, arguing that under the Supreme Court's decision in *Bailey v. United States*, -- U.S. --, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), his conviction for use of a firearm in connection with the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), should be reversed. We agree and reverse the conviction.

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

**FACTS AND PROCEEDINGS BELOW**

Pursuant to a plea agreement, Carter pleaded guilty in 1992 to conspiracy to possess with intent to distribute cocaine and to use of a firearm in connection with the commission of a drug trafficking crime.  He did not plead to, nor was he charged with, the statute's alternative, that is, carrying a firearm in connection with the commission of a drug trafficking crime.

At the plea hearing Carter affirmed the following version of the facts as presented by the Government, and such is the totality of the facts presented at the plea hearing regarding the location and use of the firearm.

> The United States would show that throughout the aforedescribed drug trafficking offense, a Ruger semiautomatic pistol, model P-85, 9 millimeter, bearing serial No. 30598514, was located in the passenger compartment of the defendant's, William Carter's, automobile.  The United States would introduce evidence to show that both defendant Carter and Fennidy had access to the weapon, and that defendant Fennidy was the lawful owner of the handgun....

In 1996, Carter filed a § 2255 motion arguing that under *Bailey*, the facts did not support his § 924(c)(1) conviction for "use" of a firearm in connection with a drug transaction.  The district court relied on its findings in Carter's driving companion's (Keith Fennidy's) § 2255 action that the firearm was on top of the car's console and was therefore used in the drug transaction in that it was "displayed."  The district court denied Carter's § 2255 motion.

The district court entered its final judgment on May 14, 1996 and Carter filed a notice of appeal on June 3, 1996.  He proceeds

*in forma pauperis*, arguing that under *Bailey*, there was an insufficient factual basis upon which to accept his guilty plea. The district court did not consider the notice of appeal as a request for a certificate of appealability ("COA") and thus never granted or denied a COA.

## DISCUSSION

### A.  The COA after *Lindh*

As an initial matter, we must address the applicability of the COA requirement created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, in light of the Supreme Court's decision in *Lindh v. Murphy*, -- U.S. --, -- S. Ct. --. -- L. Ed. 2d --, 1997 WL 338568 (June 23, 1997). In *Lindh*, the Supreme Court held that AEDPA's amendments to the chapter of Title 28 which includes, *inter alia*, the COA requirement, apply only to cases filed after the AEDPA's effective date. "[T]he new provisions of chapter 153 generally apply only to cases filed after the Act became effective." *Lindh*, 1997 WL 338568, at *8.

The AEDPA amended 28 U.S.C. § 2253 to require a COA before an appeal may proceed in a § 2255 or a § 2254 action. By deciding that the chapter containing the new COA requirement applies only to cases filed after the AEDPA's effective date, *Lindh* overruled our previous holdings in *United States v. Orozco*, 103 F.3d 389 (5th Cir. 1996), and *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir. 1996), *cert. denied*, -- U.S. --, 117 S. Ct. 1114, -- L. Ed. 2d -- (1997), and their progeny, regarding the applicability of the COA

3

requirement to § 2254 and §2255 appeals.  Following *Lindh*, we hold that § 2255 appellants are not subject to this COA requirement unless their § 2255 petitions were filed in the district court after the AEDPA's effective date of April 24, 1996.  Because Carter's § 2255 petition was filed in the district court prior to the AEDPA's effective date, Carter is not subject to the COA requirement.[1]

### B.  Carter's Conviction after *Bailey*

Having determined that Carter need not have a COA as a prerequisite to an appeal to this court, we must now consider whether his conviction stands under a post-*Bailey* understanding of "use" of a firearm in connection with the commission of a drug trafficking offense.  *See* 18 U.S.C. § 924(c)(1); *United States v. McPhail*, 112 F.3d 197 (5th Cir. 1997) (holding that *Bailey* applies retroactively to cases on collateral review).

A court cannot accept a guilty plea unless there is a sufficient factual basis for the plea.  *United States v. Armstrong*, 951 F.2d 626, 629 (5th Cir. 1992).  The factual basis must appear in the record and must be sufficiently specific to allow the court

---

[1]  Of course, in keeping with our evolved consistency of treatment of the new COA requirement for both § 2254 and § 2255 actions, the Court's pronouncement in *Lindh* extends to § 2254 appeals as well.  *See*, *e.g.*, *United States v. Youngblood*, -- F.3d --, 1997 WL ------ (5th Cir. June 27, 1997) (making uniform the practice that a petitioner must apply to the district court for a COA prior to making such a request of this court in both § 2255 and § 2254 actions); *see also Edwards v. United States*, -- F.3d --, 1997 WL 282509, *1  (11th Cir. May 30, 1997) (same); *Lozado v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997) (same). Such consistency and uniformity is the only logical approach for a sound, orderly practice for this circuit.  Thus, § 2254 litigation is also subject to the COA requirement only when a § 2254 petition is filed in the district court after the AEDPA's effective date of April 24, 1996.

to determine if the defendant's conduct was within the ambit of that defined as criminal. *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992); *Armstrong*, 951 F.2d at 629. The district court's acceptance of a guilty plea is a factual finding reviewable under the clearly erroneous standard. *Id.*

Relief from a formal or technical violation of Rule 11 is not available in a § 2255 collateral attack, but instead is available only upon a showing of prejudice. *Id.* There is obvious prejudice to Carter in entering a plea of guilty to a crime which, based on the facts in the record, he did not actually commit. *See Id.*

## 2.

Carter was convicted of "using" a firearm and was not charged with "carrying" a firearm in relation to a drug trafficking crime. Thus, the requirements for "carrying" a firearm under § 924(c) do not apply to Carter. *See United States v. Garcia*, 86 F.3d 394, 403 (5th Cir. 1996) (in applying *Bailey*, refusing to address whether facts might have upheld conviction under "carry" prong of § 924(c) because defendant was charged only with "use"), *cert. denied*, -- U.S. --, 117 S. Ct. 752, 136 L. Ed. 2d 688 (1997).

A conviction under § 924(c) requires that the defendant (1) used or carried a firearm, (2) during and in relation to a drug-trafficking offense. *See* 18 U.S.C. § 924(c). Prior to *Bailey*, § 924 was regarded as merely requiring evidence that the "firearm was available to provide protection to the defendant in connection with his engagement in drug trafficking." *United States v. Ivy*, 973 F.2d 1184, 1189 (5th Cir. 1992). In *Bailey*, the Supreme Court

5

reversed the § 924(c) convictions of two defendants, one of whom had a gun in his car trunk and the other of whom had a gun in a closet along with crack cocaine. The Court held that a conviction for "use" of a firearm requires that the evidence be sufficient to "show active employment of the firearm" by the defendant. *Bailey*, 116 S. Ct. at 506. The Court explained that "use" includes "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* at 508. In addition, the "silent but obvious and forceful presence of a gun on a table can be a 'use.'" *Id.* However, "[a] defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds." *Id.* "'[U]se' cannot extend to encompass [the] action" of "conceal[ing] a gun nearby to be ready for an imminent confrontation." *Id.* at 508. The gun must be disclosed or mentioned by the defendant. *Id.* In sum, in order to convict a defendant for a § 924(c)(1) violation on a "use" theory, the government must present evidence sufficient to show active employment of the firearm. *Bailey*, 116 S. Ct. at 508-09. It is no longer enough to show that the defendant merely stored a weapon near drugs or drug proceeds to establish that the defendant used the weapon during or in relation to drug trafficking activities. *Id.; McPhail*, 112 F.3d 199.

**3.**

As previously stated, there must be a factual basis to support a district court's acceptance of a guilty plea, *see* Fed. R. Crim. P. 11(f); *United States v. Oberski*, 734 F.2d 1030, 1031 (5th Cir.

6

1984), and as such, the proper approach is to review the district court's acceptance of a guilty plea for clear error.

At the plea hearing, the government offered that a semiautomatic pistol "was located in the passenger compartment of the defendant's, William Carter's, automobile" and that the "defendant Carter...had access to the weapon."  No other facts related to the firearm were recited.  Under the Supreme Court's exposition of the statutory term "use" in *Bailey*, such a factual basis is an insufficient basis for the acceptance of a guilty plea to this offense since the mere location inside an automobile does not, without more, equate with the "use" of a firearm in relation to a drug trafficking offense.  *See McPhail*, 112 F.3d at 199 (holding that insufficient under *Bailey* that weapon stored near drugs or drug proceeds to establish "use"); *United States v. Hall*, 110 F.3d 1155, 1159-1161 (5th Cir. 1997) (holding that evidence insufficient to sustain "use" conviction where firearm on floor of room in which defendant was located, drugs were on table in room, but no evidence that defendant disclosed, displayed, mentioned or actively employed firearm in any way).

## CONCLUSION

For the foregoing reasons, we conclude that there is not a factual basis for Carter's plea of guilty to the use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  When a plea has been accepted in violation of Rule Fed. R. Crim. P. 11(f), our practice is to reverse, vacate and remand for entry of a new plea.  *See Hall*, 110 F.3d at 1162.

Accordingly, the judgment of the district court is REVERSED, Carter's 18 U.S.C. § 924(c)(1) conviction is REVERSED, his sentence is VACATED, and this case is REMANDED for further proceedings.