**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-6175

MARVIN MARION GARCIA,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-91-57-C-MU, CA-96-156-MU)

Submitted: January 30, 1998

Decided: March 9, 1998

Before ERVIN and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Marvin Marion Garcia, Appellant Pro Se. Frank DeArmon Whitney,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marvin Garcia appeals the district court's order denying relief on his habeas petition filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). Garcia challenges the validity of his convictions, entered pursuant to his guilty plea, of seven counts of using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (1994). Garcia contends that, in light of the Supreme Court's decision in Bailey v. United States, ___ U.S. ___, 116 S.Ct. 501 (1995), interpreting the meaning of "use" under § 924(c), the requisite factual basis for his plea was lacking and his plea was involuntary. Guilty pleas may be challenged collaterally on the ground that the plea was not knowing and voluntary. Triestman v. United States, 124 F.3d 361, 367-68 n.6 (2d Cir. 1997). Moreover, for purposes of this appeal, we will assume, without deciding, that a habeas petitioner proceeding under § 2255 may collaterally challenge his plea on the ground that it lacked a factual basis where the premise of the claim is that the conduct for which the petitioner was convicted is, in light of an intervening decision, not criminal. We note that we need not decide whether this claim was procedurally defaulted by Garcia's failure to raise it on direct appeal because the Government did not assert, and the district court did not rely on, procedural default in this case.

We reject Garcia's contention that the record demonstrates that he did not "use" or "carry" a firearm, but merely possessed one, within the meaning of § 924(c)(1) as that statute was interpreted by Bailey. Garcia's plea waives any challenge to the facts which formed the basis for the court's decision to accept his plea. Id. The record developed at the plea hearing discloses that Garcia and at least two co-conspirators possessed weapons on their persons during a drug transaction interrupted by police executing a search warrant of Garcia's apartment. Garcia had a pistol holstered on his side and a Derringer pistol in front of him on the kitchen table where he was seated. The table also contained drugs and drug paraphernalia. Such personal possession clearly meets the definition of "carry" under § 924(c). See United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). In addition, one co-conspirator picked up a sawed-off shotgun when police entered the apartment. This act amounted to a display, perhaps even

2

a brandishment, of that weapon, which would constitute "use" under Bailey. See Bailey, 116 S. Ct. at 508. Garcia is liable for any acts of his co-conspirators which constitute use or carry under § 924(c). See United States v. Phan, 121 F.3d 149, 152 n.2 (4th Cir. 1997).

In short, this is not a case where the petitioner pled guilty to conduct which was not criminal. Had someone been able to correctly explain to Garcia the meaning of "use" under§ 924(c) at the time he pled guilty, it would have been clear that his conduct was criminal. Garcia's plea was therefore entered knowingly and voluntarily. See Triestman, 124 F.3d at 367-68 n.6 (finding that plea is not voluntary if entered under misapprehension of the law in relation to the facts). Moreover, we find that the district court did not abuse its discretion in finding a sufficient factual basis for Garcia's plea. See Mitchell, 104 F.3d at 652 (discussing standard of review). Hence, Garcia fails to establish any violation, much less a prejudicial violation, of Federal Rule of Criminal Procedure 11. See United States v. Carter, 117 F.3d 262, 264 (5th Cir. 1997) (finding collateral relief for Rule 11 violation contingent upon showing of prejudice).

Accordingly, we deny a certificate of appealability and dismiss this appeal. We decline to address Garcia's claim that there was no nexus between his conduct and interstate commerce because it is improperly raised for the first time on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3