**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-10571**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MARIO MENDEZ, JR.,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(4:96-CV-108-A)**

_____

June 9, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mario Mendez, Jr., federal prisoner # 24717-077, appeals the denial of his 28 U.S.C. § 2255 motion. Because Mendez filed his motion prior to the 24 April 1996 effective date of the Antiterrorism and Effective Death Penalty Act, he is not required to obtain a certificate of appealability. *See **United States v. Carter**,* 117 F.3d 262, 264 (5th Cir. 1997).

Mendez contends that his trial counsel was ineffective: (1) in failing to object to the denial of an offense-level reduction for being a minimal or minor participant; (2) in not showing a violation of the concurrent-sentence doctrine; (3) in not obtaining

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recusal of the district judge; (4) in not objecting to an alleged violation of **Batson v. Kentucky**, 476 U.S. 79 (1986); and (5) in not objecting to a sentence enhancement for possession of a firearm.

We have reviewed the record and Mendez's brief, and we **AFFIRM** the denial of § 2255 relief for essentially the reasons given by the district court. *United States v. Mendez*, No. 4:96-CV-108-A (N.D. Tex. Apr. 24, 1996) (unpublished).

The additional claimed bases for ineffective assistance, raised for the first time in Mendez's reply brief, are not properly before this court and are not considered. *E.g.*, *United States v. Jackson*, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995) (court will not consider issues raised for first time in reply brief).

*AFFIRMED*