IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50660
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LISTON RANDOLPH POSEY, II,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CA-132
- - - - - - - - - - -
July 9, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Liston Randolph Posey, II, federal prisoner # 02528-095, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Because Posey's § 2255 motion was filed before the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the AEDPA does not apply to his appeal. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); United States v. Carter, 117 F.3d 262, 264 (5th Cir. 1997).

Posey argues that his conviction for using and carrying a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearm during and in relation to a drug-trafficking offense under 18 U.S.C. § 924(c)(1) should be vacated in view of Bailey v. United States, 516 U.S. 137 (1995).  The Government presented the testimony of Charlie Bounds that Posey bartered firearms for marijuana, which constitutes active employment of a firearm during a drug-trafficking offense.  See Bailey, 516 U.S. at 148; United States v. Smith, 508 U.S. 223, 228-29 (1993).

Posey argues that 21 U.S.C. § 841 was unconstitutional as applied to his case because his growing marijuana was a local crime and the Government did not present any evidence that the marijuana at issue traveled in interstate commerce.  Posey's argument is foreclosed by this court's precedent.  See United States v. Owens, 996 F.2d 59, 61 (5th Cir. 1993).

Posey argues that the Government unconstitutionally singled him out for federal prosecution but did not prosecute his co-growers.  Because Posey failed to show that the Government acted in bad faith in prosecuting him, the district court did not err in holding that he had failed to establish a selective-prosecution claim.  United States v. Sparks, 2 F.3d 574, 580 (5th Cir. 1993).

Posey argues that the district court had no jurisdiction to convict him of the instant offense.  Because Posey was charged with federal offenses of manufacturing marijuana plants in violation of 21 U.S.C. § 841 and using and carrying a firearm during a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1), and because the offense occurred in Limestone County, Texas, within the Western District of Texas, the district

court had subject-matter jurisdiction , as well territorial jurisdiction and proper venue. See <u>United States v. Davis</u>, 666 F.2d 195, 198-99 (5th Cir. 1982).

AFFIRMED.