IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30771
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DWAYNE MARSHALL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-906
USDC No. 92-CR-214-F
--------------------

August 19, 1999

Before DAVIS, EMILIO M. GARZA, and, DENNIS, Circuit Judges

PER CURIAM:[*]

Dwayne Marshall, federal prisoner # 22998-034, has appealed the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate. The district court held that the action was barred by the one-year statute of limitations set forth in § 2255, without reaching the merits of Marshall's substantive claims. However, the court granted a certificate of appealability (COA) only on his claim that the Government had failed to reveal evidence favorable to the defense.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Marshall has briefed the issues but he has not requested a COA from this court on the limitations issue. "In order to obtain appellate review of the issues the district court refused to certify, [Marshall] must first make the threshold substantial showing of the denial of a constitutional right. Only after clearing this hurdle may [he] proceed to brief and we review the merits of the rejected issues." United States v. Kimler, 150 F.3d 429, 431 n.1 (5th Cir. 1998) (citation omitted).

When the threshold issue in a § 2255 appeal is not of constitutional dimension, such as the limitations issue in this case, the petitioner must make a credible showing that the district court erred in dismissing the petition on that ground. See Davis v. Johnson, 158 F.3d 806, 809 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999); United States v. Carter, 117 F.3d 262, 264 n.1 (5th Cir. 1998). "Only if such a showing of error is made will the court also consider whether the prisoner has made a substantial showing of the denial of a constitutional right on the underlying claims." Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998).

It is not clear whether the district court intended to grant a COA on the threshold limitations issue. Accordingly, the cause will be REMANDED so that the district court may clarify its COA order. In the event that the district court denies a COA on the limitations issue, Marshall may request such a COA from this court. See Kimler, 150 F.3d at 431 n.1.

REMANDED.