IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30665
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH FENNIDY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-1028
USDC No. 92-CR-10-H
- - - - - - - - - -

December 9, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Keith Fennidy, a federal prisoner (# 22810-034), appeals from the district court's judgment denying his 28 U.S.C. § 2255 motion to set aside his conviction.

Fennidy contends that his guilty-plea conviction for using a firearm during a drug-trafficking crime, 18 U.S.C. § 924(c), should be vacated in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). Fennidy's pro se argument, liberally construed, is that the factual basis

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presented by the Government in support of his guilty plea does not support his conviction under the "use" prong of § 924(c) as defined in Bailey.  The plea colloquy reflects that the Government stated only that a semiautomatic pistol "was located in the passenger compartment" of the car in which Fennidy and his codefendant, William Carter, were riding.

Codefendant Carter raised nearly identical contentions in his own § 2255 motion.  In addressing Carter's appeal from the denial of § 2255 relief, this court reasoned that the "mere location [of the gun] inside an automobile does not, without more, equate with the `use' of a firearm in relation to a drug trafficking offense."  United States v. Carter, 117 F.3d 262, 265 (5th Cir. 1997).  The court reversed Carter's contention, vacated his sentence, and remanded for further proceedings.

Fennidy and codefendant Carter pleaded guilty during the same plea proceeding.  For reasons identical to those set forth in Carter, we conclude that there was not a factual basis for Fennidy's guilty plea to the § 924(c) offense.  Accordingly, the judgment of the district court is REVERSED, Fennidy's § 924(c) conviction is REVERSED, his sentence is VACATED, and this case is REMANDED for further proceedings.

REVERSED, VACATED, AND REMANDED.