# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2013

No. 11-50776
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERNEL RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:01-CR-138-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bernel Ruiz, federal prisoner # 63023-080, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his petition for relief under the All Writs Act, 28 U.S.C. § 1651(a). On appeal, a motion to proceed IFP is construed as a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). This court's inquiry is limited to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether the appeal involves legal points that are not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

In 2002, Ruiz pleaded guilty, pursuant to a written plea agreement, to possession with the intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a), and of using, carrying, or possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The firearm charge arose when arresting officers discovered a firearm in the car Ruiz was driving during a drug transaction, located between the driver's seat and the center console. Ruiz moved to withdraw his plea prior to sentencing, but his motion was denied following a hearing. Ruiz claimed he did not know that the gun was in the vehicle, a contention that the district court rejected.

The district court sentenced Ruiz to 204 months of imprisonment. Ruiz filed a direct appeal challenging his guilty-plea conviction on the drug-trafficking charge and sentence, among other things, on the grounds that the district court did not inform him, as required by Federal Rule of Criminal Procedure 11(c)(1), of the drug quantity involved. Finding no error, this Court affirmed. *United States v. Ruiz*, 64 F. App'x 41 (5th Cir. 2003).

In 2005, Ruiz filed a 28 U.S.C. § 2255 motion asserting numerous grounds for relief from his conviction, which the district court denied on the merits. In 2011, Ruiz filed the present § 1651(a) motion, seeking to invalidate his guilty plea on the firearm count under § 924(c). He asserts that the sentencing court erred in failing to admonish him at rearraignment that the Government was required to prove active employment of the firearm, that he never actively employed the firearm in his case, and that he relied on his counsel's bad advice in pleading guilty to the firearm charge.

The district court denied Ruiz' petition for extraordinary writ under the All Writs Act, concluding that Ruiz had an alternative remedy under 28 U.S.C.

§ 2255 that precluded his All Writs Act petition.[1]  *See, e.g., Carlisle v. United States*, 517 U.S. 416, 429 (1996); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  The district court denied Ruiz leave to proceed IFP, and Ruiz appeals that decision.

Ruiz contends that the denial of his § 1651(a) petition was error.  He urges that such a petition is the only remedy available to him to invalidate his unjust 18 U.S.C. § 924(c) conviction, presumably because any alternative remedy he would have would have been untimely or otherwise procedurally precluded.  Specifically, Ruiz argues that he may seek a writ of *audita querela* and seek general "extraordinary relief" through the All Writs Act despite the general availability of § 2255 relief for federal prisoners.  *See, e.g., United States v. Morgan*, 346 U.S. 502, 509-13 (1954) (holding that, despite § 2255, the writ of *coram nobis* is available to federal defendants after they are released from custody to correct fundamentally unjust federal sentences); *United States v. Miller*, 599 F.3d 484, 487-88  (5th Cir. 2010) (stating that "the writ of *audita querela* might . . . survive in criminal adjudications, if there is a gap for it to fill . . . [if] there is a legal objection to a judgment which has arisen subsequent to that judgment") (emphasis and citations omitted).

We need not reach Ruiz's contention that relief under the All Writs Act is available to him, because he has not presented grounds for relief on the merits.  Ruiz argues, essentially, that his guilty plea under § 924(c)(1) is invalid because there was no factual basis for his having *actively employed* the firearm during the drug-trafficking offense.  *See* FED. R. CRIM. P. 11(b)(3) (requiring a factual basis for a guilty plea).  In support, Ruiz cites *United States v. Carter*, 117 F.3d 262 (5th Cir. 1997), in which this Court held that a defendant's guilty plea under

---

[1] In the alternative, the district court liberally construed the petition as a motion for new trial under Federal Rule of Criminal Procedure 33, a motion for modification of sentence under Federal Rule of Criminal Procedure 35, and a motion to vacate a federal sentence under § 2255, and the court denied relief on various procedural grounds.  On appeal, Ruiz maintains that he seeks relief pursuant to the All Writs Act only.

§ 942(c)(1) was invalid where the defendant did not actually use or display the firearm during the drug transaction, but where the firearm had merely been resting on a vehicle's console. *Id.* at 264-65 (citing *Bailey v. United States*, 516 U.S. 137, 143 (1995) (establishing rule)). However, *Bailey*—and by extension, its application in *Carter*—was legislatively overruled in 1998 when Congress amended § 924(c)(1) to criminalize not only the *use* of a firearm, but also the *possession* of a firearm in furtherance of drug-trafficking crimes. *Abbott v. United States*, 131 S. Ct. 18, 25 (2010) ("The 1998 alteration [of § 924] responded primarily to our decision in *Bailey* . . . [which] held [that] § 924(c)(1) did not reach 'mere possession' of the weapon. Congress legislated a different result; in the 1998 revision, colloquially known as the Bailey Fix Act, the Legislature brought possession within the statute's compass.") (citations and other quotation marks omitted); *see* 18 U.S.C. § 924(c)(1) (providing for punishment of "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm").

Ruiz pleaded guilty in 2002, after § 924(c)(1) was amended to prohibit the possession of a firearm during drug-trafficking offenses. The abstract of Ruiz' judgment reflects that he pleaded guilty to "use, carry or possession [of] a firearm in furtherance of a drug trafficking crime" on or about July 5, 2000. The Pre-Sentence Report recites that an arresting officer "saw the butt of a gun protruding between the driver's seat and the console." Ruiz does not deny that the gun was in his possession, and he does not renew his contention that he did not know the gun was in the car; he contests only the legal significance of the gun's location under *Carter*. Ruiz's reliance on *Carter* is misplaced because possession of a firearm in furtherance of the drug-trafficking offense is now a sufficient factual basis for a conviction under § 924(c)(1).

No. 11-50776

Given the foregoing, Ruiz's sole substantive contention in this appeal lacks merit. Accordingly, his IFP motion is DENIED, and his appeal DISMISSED. *See Howard*, 707 F.2d at 220; *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.